OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
Plaintiff, a seaman employed by defendant shipowner, went ashore on leave for a few hours during the evening of May 23, 1978, when the ship was docked for loading and unloading cargo in Bremerhaven, West Germany. On his return to the ship, he found that several railroad boxcars located on tracks near the ship impeded his access to the gangway. Plaintiff determined that the pathway between the boxcars and the edge of the pier was too dangerous for passage, and instead climbed between two of the boxcars and over a platform or coupling, which was wet from rain. In so doing, he slipped and fell, fracturing his leg. Plaintiff commenced this lawsuit under the Jones Act (46 USC § 688), alleging that the shipowner was negligent in failing to correct or warn of a hazardous condition on the pier. At the close of discovery, defendant moved for summary judgment. Special Term denied the motion, but the Appellate Division unanimously reversed and dismissed the complaint.
While an injury might occur in the course of employment within the meaning of the Jones Act even when it does not actually take place aboard ship (see, Braen v Pfeifer Transp. Co., 361 US 129, 132-133; O’Donnell v Great Lakes Co., 318 US 36), and even when the injured seaman is on shore leave at the time of the accident (see, Aguilar v Standard Oil Co., 318 US 724, 733-734; Marceau v Great Lakes Tr. Corp., 146 F2d 416, cert denied 324 US 872), here plaintiff has not raised a triable issue with respect to negligence on the part of defendant or any of its officers, employees or agents (see, De Zon v American President Lines, 318 US 660, 671-672; Quam v Mobil Oil Corp., 496 F Supp 986, affd 599 F2d 42, cert denied 444 US 950). Even if the duty of a shipowner to correct, or warn its employees of, an unsafe condition beyond the pier-end of the gangway attaches where the shipowner possesses some ownership interest in the pier or the pier owner acts as the shipowner’s agent by performing operational activities (see, Hopson v Texaco, Inc., 383 US 262; Sinkler v Missouri Pac. R. R. Co., 356 US 326, 331-332; see also, *838 IB Hall-Sann-Bellman, Benedict on Admiralty § 29, at 3-200 — 3-201 [7th rev ed]), plaintiff has failed to adduce evidentiary proof in admissible form to sustain his conclusory assertion that defendant had control of the area in question by virtue of its relationship with the pier owner. Defendant’s summary judgment motion was therefore properly granted (see, Zuckerman v City of New York, 49 NY2d 557, 562; Friends of Animals v Associated Fur Mfrs., 46 NY2d 1065, 1067-1068).
Plaintiff argues, alternatively, that the shipowner has an obligation to take measures on the ship to warn of conditions on the pier, and that the shipowner has an absolute duty to repair and warn of potentially hazardous conditions in areas through which a seaman must pass in order to reach the ship. On the facts presented, neither contention has been shown to be an obligation imposed by general maritime law. Although we have jurisdiction to entertain suits brought under the Jones Act, we exercise such jurisdiction with great deference to Federal maritime law, and proceed cautiously, “cognizant that it is the general maritime law that governs the rights and liabilities of the parties” (Alvez v American Export Lines, 46 NY2d 634, 638, affd 446 US 274).
Chief Judge Wachtler and Judges Jasen, Meyer, Simons and Kaye concur; Judge Alexander taking no part.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed, with costs, in a memorandum.