OPINION OF THE COURT
Alexander, J.
In April 1981, plaintiffs purchased tickets from a travel agent in the United States for a 14-day Mediterranean cruise on defendant’s ship, the S.S. Nacarino, departing from Venice on August 1. Clause 13 of the "General Conditions” of the ticket provided, in four-point type, that, inter alla, "[s]ult to recover on any claim shall not be maintainable unless commenced and process served within one (1) year from the date when the death or injury occurred in respect of any claim for loss of life or bodily injury in any case where * * * [46 USC § 183b (a)][1] shall apply” and "2. [wjithin six (6) months after *484 the Passenger shall be landed from the Vessel or the Voyage shall be abandoned or broken up * * * in respect of any claim whatsoever unless such claim is included within category (1) just mentioned.”
Plaintiffs flew from New York to Brussels and from there to Venice where they embarked. On August 7, the vessel ran aground near Patmos, Greece, injuring plaintiff, Evelyn Lerner. After they reported the accident to defendant’s representative and settlement negotiations proved fruitless, plaintiffs, on November 11, 1982, commenced this action to recover damages for personal injuries, loss of consortium and breach of contract.
After interposing an answer asserting various affirmative defenses, including that "[pjlaintiffs are timebarred from maintaining this action by provisions of the contract of carriage, applicable statute of limitations and loches”, defendant moved for summary judgment dismissing the complaint. Special Term denied the motion,[2] concluding that the passenger ticket constituted a contract or agreement involving a consumer transaction within the meaning of CPLR 4544,[3] and "that the time limitation provisions contained in said contract do not meet the minimum type size requirements of the statute, which bars its enforcement.” A divided Appellate Division modified,[4] on the law, by granting defendant’s motion for summary judgment dismissing the complaint, holding, in essence, that CPLR 4544 had been preempted by Federal maritime law, which specifically authorizes a contractual one-year limitations period for the commencement of actions on bodily injury claims by ship passengers.
The Federal Judiciary Act, by virtue of its "saving to suitors” clause (28 USC § 1333 [1]) vests original jurisdiction of all admiralty and maritime cases concurrently in the Federal District and State courts. In maritime cases, State courts must *485 apply Federal law "to secure a single and uniform body of maritime law” (Matter of Rederi [Dow Chem. Co.], 25 NY2d 576, 581, cert denied 398 US 939; see also, Ugarte v United States Lines, 64 NY2d 836, rearg denied 64 NY2d 1041; Alvez v American Export Lines, 46 NY2d 634, affd 446 US 274). A State court may not limit a party’s substantive rights by applying its own procedural rules if those rules would "significantly affect the result of the litigation, i.e., would be outcome determinative” (Matter of Rederi [Dow Chem. Co.] supra, at p 581). Thus, CPLR 4544, which is a rule of evidence may not be employed to nullify a contractual limitation enforceable under Federal maritime law.
Maritime law provides that, when a limitation is "wrought into the tissue * * * inseparably integrated” into the ticket, which is a contract between the passenger and the carrier (Murray v Cunard S. S. Co., 235 NY 162, 166), the passenger is bound by that limitation because "[i]n such circumstances, the act of acceptance [of the ticket] gives rise to an implication of assent” (id.). Whether or not the limitation is "wrought into the tissue” of the ticket so as to result in a binding contract depends on whether "the steamship line ha[s] done all it reasonably could to warn the passenger that the terms and conditions were important matters of contract affecting bis legal rights” (Silvestri v Italia Societa Per Azioni Di Navigazione, 388 F2d 11, 17).
Federal courts examine where the conditions of limitations are placed in respect to the balance of the ticket; whether the passenger is given appropriate notice of the conditions of limitation; the placement of that notice; the size of the type used; and the existence of any other conspicuous lettering or symbols designed to call attention to the conditions and limitations (see, e.g., Shankles v Costa Armatori, S.P.A., 722 F2d 861; DeNicola v Cunard Line, 642 F2d 5; Silvestri v Italia Societa Per Azioni Di Navigazione, 388 F2d 11, supra; McQuillan v "Italia” Societa Per Azione Di Navigazione, 386 F Supp 462, affd 516 F2d 896; Lipton v National Hellenic Am. Lines, 294 F Supp 308; Ann., 5 ALR Fed 394).
Here, the ticket was contained in an oblong booklet measuring eight inches by three and five-eighths inches and bound on the left side. Set out in bold type on the first page are "General Conditions,” which alert the passengers that:
"THE CONTRACT TERMS AND CONDITIONS REFERRED IN THIS TICKET AND SET FORTH ON THIS AND *486 THE FOLLOWING PAGES TO WHICH PASSENGER EXPRESSLY AGREES AND WHICH ARE TO APPLY TO AND GOVERN THE RELATIONS WHATEVER THEY MAY BE BETWEEN PASSENGER AND THE CARRIER MASTER VESSEL OWNER OFFICERS, CREW AND AGENTS IN EVERY CONTINGENCY WHATSOEVER AND WHERESOEVER OCCURRING AND EVEN IN THE EVENT OF OR DURING DEVIATION OF UNSEAWORTHINESS OF THE VESSEL AT THE INCEPTION OF THE VOYAGE OR SUBSEQUENTLY AS FOLLOWS: THE TERMS OF THIS PASSAGE CONTRACT SUPERSEDE ALL RESPRESENTA-TIONS, PROMISES AND AGREEMENTS WHATSOEVER THAT MAY HAVE BEEN MADE OR MAY BE CLAIMED TO HAVE BEEN MADE TO OR WITH THE PASSENGERS OR HIS AGENT OR REPRESENTATIVE BY ANYONE ON BEHALF OF THE CARRIER.
"NOTICE: The Passenger’s attention is particularly directed to the terms and the limitations of this contract.”
The terms and conditions on the following pages are set out in small but legible type, and while it may be difficult to pick out any one of the conditions, no reason is advanced why plaintiffs, one of whom is a lawyer, could not have located the time-bar provisions and timely commenced suit (see, Haroski v Home Line Cruises, 1983 AMC 1217 [App Term, 1st Dept]).
There is a second prong to the "reasonable communicativeness” standard applied by the Federal courts in determining whether a passenger is properly to be bound by limitations on notice and commencement of suit contained in tickets of passage: "That is, that the circumstances surrounding the passenger’s purchase and subsequent retention of the ticket/ contract may be of equal importance as the prominence of warnings and clarity of conditions * * * the question of whether the passenger is bound by the ticket provisions should also take into account the circumstances of the passenger’s possession of and familiarity with the ticket” (Shankles v Costa Armatori, S.P.A., 722 F2d 861, 865, supra).
Here, it is undisputed that plaintiffs possessed their tickets for some four months prior to the cruise, and there is no allegation that they were required to surrender them when they boarded the vessel (cf. McQuillan v "Italia” Societa Per Azione Di Navigazione, 386 F Supp 462, supra [tickets picked up by the defendant just prior to boarding and were never signed or seen again by the plaintiff]). Plaintiffs had "both *487 ample time and a powerful incentive to study the passage contract ticket promptly after [the accident] occurred” (Lipton v National Hellenic Am. Lines, 294 F Supp 308, 311, supra; Geller v Holland-America Line, 201 F Supp 508, affd 298 F2d 618, cert denied 370 US 909; Miller v Lykes Bros. S. S. Co., 467 F2d 464). "[T]he passenger who has the ticket in his possession and fails to read it takes the risk of such omission” (Geller v Holland-America Line, 201 F Supp 508, 509, supra).
Subparagraph (1) of clause 13, by its terms, unambiguously provides that it shall be operative only "in any case where * * * [46 USC § 183b (a)] shall apply.” That statute, in turn, unambiguously states that it shall apply only to "any seagoing vessel * * * transporting passengers * * * from or between ports of the United States and foreign ports” (emphasis added). It is undisputed that the S.S. Nacarino touched no United States port, therefore, the one-year limitations period embodied in clause 13 of the General Conditions cannot bar plaintiffs’ action.[5] However, the residuary six-month period does therefore apply. Plaintiffs do not claim that such limitation is unenforceable under substantive United States maritime law.[6]
Having themselves conceded "that the Courts of New York must apply Federal Maritime Law to this lawsuit”, plaintiffs did not below and do not here suggest that the law of any nation other than the United States should govern. Although the courts below were entitled to take judicial notice of any potentially applicable foreign law even absent a request from the parties (CPLR 4511 [b]), it simply cannot be said that they abused their discretion as a matter of law in declining to do so *488 under these circumstances (see, Watts v Swiss Bank Corp., 27 NY2d 270, 275, 276).
Accordingly, the order of the Appellate Division should be affirmed.
Chief Judge Wachtler and Judges Jasen, Meyer, Kaye and Titone concur; Judge Simons taking no part.
Order affirmed, with costs.

. That statute provides, in pertinent part: "It shall be unlawful for the manager, agent, master, or owner of any sea-going vessel * * * transporting passengers or merchandise or property from or between ports of the United States and foreign ports to provide by rule, contract, regulation, or otherwise a shorter period for giving notice of, or filing claims for loss of life or bodily injury, than six months, and for the institution of suits on such claims, than one year, such period for institution of suits to be computed from the day when the death or injury occurred.”

. A cross motion seeking leave to amend the complaint to substitute the name of proper party defendant was granted and is not at issue on this appeal.

. CPLR 4544 provides, in pertinent part: "The portion of any printed contract or agreement involving a consumer transaction * * * where the print is not clear and legible or is less than eight points in depth or five and one-half points in depth for upper case type may not be received in evidence in any trial, hearing or proceeding on behalf of the party who printed or prepared such contract or agreement, or who caused said agreement or contract to be printed or prepared.”

. The Appellate Division let stand that portion of Special Term’s order which granted plaintiffs’ cross motion.

. Clause 13 also provides in part that "any action against the Carrier must be brought only before the courts of Piraeus, Greece, to the jurisdiction of which Passenger submits himself formally excluding the jurisdiction of all and other court or courts of any other country or countries which court or courts otherwise could have been competent to deal with such action.” Defendant has not relied on this clause, the validity of which is therefore not before us.

. Jansson v Swedish Am. Line (185 F2d 212), is not to the contrary. In Jansson the contract specifically provided that Swedish law would apply and both parties raised the possibility that the law of another nation might apply. Under such circumstances, CPLR 4511 might well require New York courts to consider foreign law. Here, however, "neither party has offered proof of, or otherwise sought to rely on [foreign] law at any stage of this proceeding” (DeNicola v Cunard Line, 642 F2d 5, 7, n 2 [applying general maritime law although the ticket provided that "(a)ll questions arising on this contract ticket shall be decided acccording to English law with reference to which this contract is made”]).