**Yetta LIEB and Frank Lieb, Plaintiffs,**

v.

**ROYAL CARIBBEAN CRUISE LINE, INC., Defendant.**

No. 85 CIV. 5586 (PKL).

United States District Court, S.D. New York.

Oct. 14, 1986.

Jeffrey Bettan, P.C., Westbury, N.Y., for plaintiffs.

Lilly, Sullivan, Purcell, Barkan & Junge, P.C., New York City, for defendant; Peter A. Junge, of counsel.

LEISURE, District Judge:

This is a personal injury action by Yetta Lieb and a loss of consortium action, derivative of this first claim, by her husband, Frank Lieb. Defendant, Royal Caribbean Cruise Line, Inc. ("RCCL"), removed to this Court on the basis of diversity, pursuant to 28 U.S.C. § 1332 (1977). Defendant RCCL then moved for summary judgment pursuant to Fed.Rule Civ.P. 56 on the ground that the Liebs' claims are barred by the statute of limitations contained in the cruise ship ticket governing the terms of the cruise. The only issue before this Court is whether the time limitation stated in the cruise ship ticket language is valid under 46 U.S.C. § 183 (1979).

### FACTUAL BACKGROUND

The material facts are not in dispute. On July 1, 1983, plaintiffs were issued a passenger ticket, which Frank Lieb signed, for a Bahama Islands cruise aboard the "Song of America," a cruise ship owned and operated by RCCL. The Liebs, both of whom are deaf-mutes, were passengers on the "Song of America" from July 17 to July 24, 1983. On the second day of the cruise, Yetta Lieb fell and broke her left arm, thereby suffering the injuries which gave rise to this lawsuit.

The ticket purchased by the Liebs consists of the ticket itself and a three-page "CONTRACT FOR CARRIAGE OF PASSENGERS" set forth in small but readable type. At the bottom of the ticket, there is a dark blue box next to the area designated for the passenger's signature. In the blue box, set forth in white capital letters, the following words appear:

TICKET SUBJECT TO TERMS OF
CONTRACT ON PAGES 1, 2 & 3
NON–TRANSFERABLE
ALTERATIONS VOID TICKET

Paragraph 2(VII) of the passenger contract provides:

The Carrier and the Vessel shall not be liable for any claims whatsoever of the Passenger unless full particulars thereof in writing be given to the Carrier within six months and one day after the Passenger shall be landed from the Vessel.... Suit to recover any claim shall not be maintained in any event unless commenced within one year and one day after the time of the Passenger's landing from the Vessel.

On July 26, 1983, plaintiffs' counsel sent a Notice of Claim to defendant, advising RCCL of the Liebs' claim that Mrs. Lieb's fall was due to RCCL's negligent maintenance of its cruise ship. RCCL responded by letter dated August 11, 1983, in which defendant denied all liability for Mrs. Lieb's injuries. RCCL's letter also included the sentence: "Please be advised that all the discussions and negotiations are without prejudice to the rights of either party and are subject to the terms and conditions of the contract of passage." The Court has not been made aware of any further communications between the parties until the commencement of this action on July 7, 1985, nearly two years after the Liebs' trip to the Bahamas.

### DISCUSSION OF LAW

On a motion for summary judgment, as provided for by Fed.R.Civ.P. 56, the court's purpose is not to try issues of fact, but rather to determine whether or not there are material issues of fact to be tried. *Burroughs Wellcome Co. v. Commercial Union Ins. Co.*, 632 F.Supp. 1213, 1217 (S.D.N.Y.1986). To answer this question, the court applies a two step test:

1. Is there an issue of fact appropriate for trial and
2. Is that issue material.

Schwarzer, Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact, 99 F.R.D. 465, 469 (1984). As will be discussed below, neither of these steps are met; consequently, summary judgment is appropriate in this case.

Section 183b(a) of Title 46 of the United States Code allows owners, operators and

agents of sea-going vessels to limit their liability for personal injury or death to cases in which suit has been instituted within one year of the date when the death or injury occurred. By enacting this statute, Congress has specifically authorized a one year statute of limitations in passenger ship contracts for claims of bodily injury. 46 U.S.C. § 183b. The courts have held that this statute should be construed liberally in the shipowner's favor. *Lerner v. Karageorgis Lines Inc.*, 66 N.Y.2d 479, 497 N.Y.S.2d 894, 488 N.E.2d 824 (Ct.App. 1985); *Scheibel v. Agwilines, Inc.*, 156 F.2d 636, 638 (2d Cir.1946).

The Court of Appeals for the Second Circuit has stated: "it is the settled law in this circuit that passengers will be bound by a [statute of limitations] provision in the contract of carriage, if the provision is incorporated at least by reference, in the body of the contract." *Geller v. Holland-America Line*, 298 F.2d 618, 619 (2d Cir. 1962). Whether such a provision is incorporated depends on the degree to which the ticket in question reaches a "standard of reasonable communicativeness". *Lipton v. National Hellenic American Lines*, 294 F.Supp. 308, 311 (E.D.N.Y.1968). The reasonableness of any particular ticket is a question of law rather than of fact. *Barbachym v. Costa Line, Inc.*, 713 F.2d 216, 218 (6th Cir.1983).

■■■ The federal courts have used a two prong analysis in deciding whether or not contract terms limiting the statute of limitations in passenger ship contracts should be binding. *Shankles v. Costa Armatori, S.P.A.*, 722 F.2d 861, 865 (1st Cir. 1983). The first step involves the analysis of the ticket, itself. In so doing, the following considerations apply:

> where the conditions of limitation are placed in respect to the balance of the ticket; whether the passenger is given appropriate notice of the conditions of limitation; the placement of that notice; the size of the type used; and the existence of any other conspicuous lettering or symbols designed to call attention to the conditions and limitations. (Citations omitted).

*Lerner*, 66 N.Y.2d 479, 497 N.Y.S.2d at 896, 488 N.E.2d at 826. After considering all these factors, the court will uphold the statute of limitations stated in the ticket if the ship company "had done all it reasonably could to warn the passenger that the terms and conditions were important matters of contract affecting his legal rights". *Silvestri v. Italia Societa Per Azioni di Navigazione*, 388 F.2d 11, 17 (2d Cir.1968).

■■■ In this case, the passenger ticket, on its face, specifically refers the passenger to the terms of the contract. The directing words were printed in white capital letters, standing in bright contrast to the blue ticket background. "[T]he face of the passenger contract ticket contains a conspicuous notice directing the passenger's attention to the contractual claims contained on the inside. Under such circumstances, courts have uniformly held the passenger bound by the contractual terms contained in the contract, [even] despite the fact that the passenger may not have read the contract." *Strauss v. Norwegian Caribbean Lines, Inc.*, 613 F.Supp. 5, 8 (E.D. Pa.1984); *see also Ager v. Australielinie Wilhelmsens Dampskibsaktieselskab*, 336 F.Supp. 1187 (S.D.N.Y.1972).

Furthermore, in the contract before this Court, as well as in the contract in *Lerner:*

> [t]he terms and conditions ... are set out in small but legible type, and while it may be difficult to pick out any one of the conditions, no [compelling]¹ reason is advanced why plaintiffs ... could not have located the time-bar provisions and timely commenced suit. (Citation omitted).

*Lerner*, 66 N.Y.2d 479, 497 N.Y.S.2d at 896, 488 N.E.2d at 826. In sum, defendant's ticket satisfies the first prong of the aforementioned test.

---

1. Although this Court is sympathetic to plaintiffs' physical impairment it does not agree with plaintiffs that their inability to speak or hear affects their ability to comprehend the terms of the ticket in question.

The second prong of the test concerns "the circumstances surrounding the passenger's purchase and subsequent retention of the ticket/contract ...; [this prong] may be of equal importance [to] the prominence of warnings and clarity of conditions ... [in the ticket]." *Shankles*, 722 F.2d at 865. The question of whether the contract's statute of limitations provision should be binding "should also take into account the circumstances of the passengers possession of and familiarity with the ticket." *Id.*

Plaintiffs are both deaf-mute. They assert that this handicap prevented them from fully noticing or understanding the contract terms.

As a preliminary matter, "[s]uch contract terms are binding regardless of whether or not they were actually read by the passenger, provided the provisions are not unlawful." *Mulvihill v. Furness, Withy & Co.*, 136 F.Supp. 201, 207 (S.D.N.Y.1955). Further, there is a strong incentive on the part of plaintiffs to investigate the terms of the contract after an injury has occurred. *Lipton*, 294 F.Supp. at 311. "Although a passenger may almost never read all of the fine print on the ticket upon purchase, or as pleasure reading in the berth the first night at sea, the same passenger might very well be expected to consult the multifarious terms and conditions of the ticket/contract in the event of an accident resulting in a loss or injury". *Shankles*, 722 F.2d at 865.

In this case, it is undisputed that Mr. Lieb signed the contract and retained it. He and his wife had ample opportunity to acquaint themselves with its terms or to retain counsel to do so after the injury. They did, in fact, retain counsel by at least July 26, 1983; plaintiffs offer no convincing explanation for their lack of diligence in not filing suit until almost two years later.

■ As a final matter, Mr. Lieb's claim for loss of consortium is equally barred by the statute of limitations contained in the contract, even though, conceptually, his losses may have occurred at a later date.

*Miller v. Lykes Brothers Steamship Co., Inc.*, 467 F.2d 464, 466 (5th Cir.1972). In a similar situation, involving a shipboard accident, the Fifth Circuit stated "(w)e cannot hold that the contractual provision, and the statute after which it was patterned (46 U.S.C.S. § 183b), countenance a limitation period for bodily injury different from the limitation period for such derivative claims as loss of consortium. Such a holding would burden the contract with a technical meaning at variance with its plain import." *Id.* at 466–467. This Court concurs with this common-sense approach.

### CONCLUSION

"A party is entitled to summary judgment if it carries its burden of showing that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law." *Strauss*, 613 F.Supp. at 7. The plaintiffs in this action have raised no genuine issue of fact. The only question before this Court is whether the ticket's contractual clause containing the statute of limitations, is binding upon the plaintiffs. For the reasons stated above, I hold that the clause is binding. Therefore, defendant's motion for summary judgement is granted.

SO ORDERED.