■ DANIEL P. HAGGERTY, as Administrator of the Estate of DANIEL HAGGERTY, Deceased, Respondent, et al., Plaintiff, v MORAN TOWING & TRANSPORTATION CO., INC., et al., Appellants.—Judgment, Supreme Court, New York County (Bernard L. Reagan, J.), entered January 31, 1989, upon a jury verdict, in favor of plaintiff in the amount of $200,000 plus postverdict interest and costs, unanimously affirmed, without costs.

The within action was brought under the Jones Act (46 USC, Appendix, § 688) and the general maritime law to recover damages for the wrongful death of Daniel T. Haggerty on November 15, 1978. The 23-year-old Haggerty worked as a deckhand on the tugboat M.V. *Eugenia Moran,* operated by

the defendant Moran Towing & Transportation Co., Inc. At the time of the accident, the tugboat was towing two dump scows with a 10-inch nylon towing line. Haggerty and another deckhand, Matthew Ambrosino, were directed by the boat's captain, Albert Iverson, to wrap canvas chafing gear on the towing line in order to prevent the line from rubbing along the vessel's railing. While Haggerty and Ambrosino carried out these instructions, Captain Iverson left the rear controls of the tugboat, from where he had observed the towing line and the chafing operation, and went forward on the vessel in order to check on traffic ahead. Iverson left the engine control on "dead slow" and the rudder amidships so that the tug would continue on the same course and at the same speed.

While Captain Iverson was in the forward area, the towing line spun or "snapped", knocking Ambrosino into a railing some 15 feet away and breaking Haggerty's neck. The jury found that the defendant was negligent, presumably on the theory that had a crew member been at the controls, that person could have maneuvered the tug to prevent the towing line from snapping, or could have warned Haggerty and Ambrosino of the dangerous condition developing. The jury found, however, for the defendant on the issue of seaworthiness, that is that the vessel and her crew were reasonably suited for their intended service. (Mitchell v Trawler Racer, 362 US 539 [1960]; Waldron v Moore-McCormack Lines, 386 US 724 [1967].) This result is neither surprising nor inconsistent since, as the trial court properly charged the jury, the standard for proving causation as a result of a vessel's unseaworthiness (directly and in natural and continuous sequence produces or contributes substantially to producing such damages) is more demanding than the standard for recovery under Jones Act negligence (played any part, no matter how small, in bringing about or actually causing the injury or damage). (Landry v Oceanic Contrs., 731 F2d 299, 302 [5th Cir 1984], reh denied 746 F2d 812 [1984].)

Since plaintiff prevailed only on the Jones Act wrongful death claim, he was not entitled to prejudgment interest. (Williams v Reading & Bates Drilling Co., 750 F2d 487, 491 [5th Cir 1985]; Petersen v Chesapeake & Ohio Ry. Co., 784 F2d 732, 740 [6th Cir 1986].)

Defendant argues that the court erred in excluding from evidence a United States Coast Guard investigative report which found "no evidence of actionable misconduct, inattention to duty, negligence, or willful violation of law or regulation" on the part of defendant or its agents. State courts will

apply Federal law in matters of evidence and procedure when those matters are "outcome determinative" in order to secure a uniform body of maritime law *(Lerner v Karageorgis Lines,* 66 NY2d 479, 484-485 [1985]). Rule 803 (8) (C) of the Federal Rules of Evidence provides for admissibility, in civil actions, of "factual findings resulting from an investigation made pursuant to authority granted by law". Fact findings, including reasonable inferences drawn from the evidence made by the Coast Guard following its investigation, are admissible in evidence. However, portions of the Coast Guard report herein, which state that no evidence was found of "actionable misconduct, inattention to duty, negligence, or willful violation of law or regulation", state legal conclusions, not factual findings, and as such are inadmissible under rule 803 (8) (C). *(See, Beech Aircraft Corp. v Rainey,* 488 US 153 [1988]; *Matter of Paducah Towing Co.,* 692 F2d 412, 420 [6th Cir 1982]; *Lloyd v American Export Lines,* 580 F2d 1179, 1182-1183 [3d Cir 1978], *cert denied sub nom. Alvarez v American Export Lines,* 439 US 969 [1978].) Moreover, 46 CFR 4.07-1 (b) provides that Coast Guard investigative reports "are not intended to fix civil or criminal responsibility" *(Huber v United States,* 838 F2d 398, 402-403 [9th Cir 1988]; *Complaint of American Export Lines,* 73 FRD 454 [SD NY 1977]).

We have considered the remaining contentions of the parties and find them to be without merit. Concur—Kupferman, J. P., Sullivan, Rosenberger, Ellerin and Smith, JJ.