**Walter A. COLBY and Ingrid A. Colby, Plaintiffs,**

v.

**NORWEGIAN CRUISE LINES, INC., Defendant.**

**No. 3:94CV519 (RNC).**

United States District Court, D. Connecticut.

Feb. 8, 1996.

Robert H. McAndrew, Tyler, Cooper & Alcorn, New Haven, CT, William S. Rogers, Tyler Cooper & Alcorn, Hartford, CT, for plaintiffs.

Eugene A. Cooney, Cooney, Scully & Dowling, Hartford, CT, Robert K. Marzik, Stratford, CT, Louise A. Kelleher, Cooper Kardaras & Scharf, New York City, for defendant.

## RULING AND ORDER

CHATIGNY, District Judge.

This case presents the question whether a forum selection clause in a passenger ticket contract issued by a cruise ship line applies to a personal injury claim arising from an accident that occurred while the passenger was engaged in cruise-related activity on shore. I conclude that the clause does apply and must be honored.

In 1993, Mr. and Mrs. Colby were travelling in the Caribbean as passengers aboard defendant's cruise ship when they went ashore in Jamaica to go horseback riding. Mr. Colby was thrown from a horse and injured. More than one year later, the Colbys brought this suit based on diversity of citizenship to recover damages relating to Mr. Colby's injury.

The case is now before the court on defendant's motion for summary judgment. Defendant contends that the suit is barred by a provision in the passenger ticket contract requiring all suits for personal injury to be brought within one year. Defendant claims that if summary judgment is not granted, the case should be transferred to the Southern District of Florida pursuant to a forum selection clause in the passenger ticket contract.[1]

---

1. The clause reads as follows:
This Contract shall be governed in all respects by the laws of the State of Florida and the laws of the United States of America. It is hereby agreed that any and all claims, disputes or con- troversies whatsoever arising from or in connection with this Contract and the transportation furnished hereunder shall be commenced, filed and litigated, if at all, before a court of proper

Plaintiffs oppose summary judgment and argue that transfer would be improper.

Plaintiffs contend that the validity and effect of the forum selection clause should be determined based on Connecticut law. They recognize that disputes over provisions in passenger cruise tickets ordinarily are governed by federal maritime law but argue that this case is distinguishable because the accident occurred on land. Defendant contends that maritime law governs all issues relating to the passenger ticket contract.

Courts have uniformly held that the validity and effect of the provisions of a passenger cruise ticket are to be determined based on federal maritime law. See *Carnival Cruise Lines, Inc. v. Shute,* 499 U.S. 585, 588–90, 111 S.Ct. 1522, 1525, 113 L.Ed.2d 622 (1991) (dispute over forum selection clause in passenger cruise ticket presents issue in admiralty); *Hodes v. S.N.C. Achille Lauro ed Altri–Gestione,* 858 F.2d 905, 909 (3d Cir. 1988) (validity and effect of forum selection clause in passenger ticket is governed by general maritime law). Moreover, federal law applies even though the suit arises from an accident that took place on shore. See *Rams v. Royal Caribbean Cruise Lines, Inc.,* 17 F.3d 11, 12 (1st Cir.1994) (whether contract limitation applies to claim for injuries suffered on shore presents issue of maritime law); *Berg v. Royal Caribbean Cruises, Ltd.,* 1992 WL 609803 *3 (D.N.J.1992) (same). See also *Vavoules v. Kloster Cruise Ltd.,* 822 F.Supp. 979, 982 (E.D.N.Y.1993).

Under federal maritime law, terms and conditions contained in a passenger ticket contract may be given effect if they are "reasonably communicated" to the passenger. The forum selection clause in this case clears this hurdle. The cover page of the ticket bears the legend "Passenger Ticket Contract" and provides the following notice:

> IMPORTANT NOTICE: The passenger's attention is specifically directed to the terms and conditions of this contract appearing on pages 6, 7, 8, 9, and 10. These terms and conditions affect important legal rights and the passenger is advised to read them carefully.

jurisdiction located in Dade County, Florida,

The forum selection clause appears in readable print on page 10 at paragraph 28. Similar provisions have passed the test of "reasonable communicativeness." See *Vavoules,* 822 F.Supp. at 981.

Plaintiffs state that they had no occasion to read the terms and conditions contained in the ticket and surrendered the ticket before embarking on the cruise. However, they had possession of the ticket for a period of time and are deemed to have notice of its terms. See *Vavoules,* 822 F.Supp. at 981, citing *Marek v. Marpan Two, Inc.,* 817 F.2d 242, 247 (3d Cir.), *cert. denied,* 484 U.S. 852, 108 S.Ct. 155, 98 L.Ed.2d 110 (1987).

Whether the forum selection clause should be enforced is governed by the Supreme Court's decision in *Carnival Cruise Lines.* In that case, residents of the State of Washington sued a cruise ship line in the Western District of Washington to recover for injuries sustained on a cruise off the coast of Mexico. The Supreme Court held that a provision in the passenger ticket requiring all suits to be filed in Florida was valid and enforceable. The Court stated that a forum selection clause in a passenger cruise ticket, although not the subject of bargaining, should be honored unless it can be shown that enforcement of the clause would be "unreasonable and unjust," that the clause is the product of "fraud or overreaching" or that enforcement of the clause would "contravene a strong public policy of the forum in which suit is brought." 499 U.S. at 594–96, 111 S.Ct. at 1528.

Just as Florida was an appropriate forum for litigating the claims of the Washington plaintiffs in the *Carnival Cruise Lines* case, requiring the Connecticut plaintiffs in this case to litigate their claims in Florida is not unreasonable or unjust. Plaintiffs do not claim to be victims of fraud or overreaching. Enforcement of the forum selection clause will not offend the public policy of Connecticut.

Accordingly, the case is hereby transferred to the Southern District of Florida. Defen-

U.S.A.

dant's motion for summary judgment is denied without prejudice to refiling after the case is transferred.

So ordered.