Hilda **PAREDES**, Jesus Sarmiento and Celina Sarmiento, Plaintiffs,

v.

**PRINCESS CRUISES, INC.** and Abercrombie & Kent International, Inc., Defendants.

No. Civ.A. 97–40218–NMG.

United States District Court, D. Massachusetts.

April 2, 1998.

88

Scott S. Sinrich, Talamo, Phillips, Silver &
Talman, Worcester, MA, Carolyn H. Leary,

Phillips, Silver, Talman & Aframe, P.C., Worcester, MA, for Plaintiffs.

Rodney E. Gould, Robert C. Mueller, Rubin, Hay & Gould, Framingham, MA, for Defendants.

## MEMORANDUM AND ORDER

GORTON, District Judge.

The plaintiffs, Hilda Paredes, Jesus Sarmiento and Celina Sarmiento, filed this action against Princess Cruises, Inc. ("Princess") and Abercrombie & Kent International, Inc. ("A & K Int'l") alleging negligence and loss of consortium in connection with an accident in which they were both injured while on vacation. Pending before this Court are the motions of both defendants to dismiss or alternatively for summary judgment (Docket Nos. 5 & 9). Because this Court considered matters outside the pleadings with respect to Princess's motion, that motion shall be treated as one for summary judgment. Fed.R.Civ.P. 12(b)(6).

### I. *Background*

In June, 1995, Susan Freelander, a relative of the plaintiffs, arranged for the plaintiffs to take a Princess cruise beginning in Italy on October 25, 1995. Through Princess, Ms. Freelander arranged for the plaintiffs to take a ground tour of Alexandria, Egypt when the cruise ship was docked there. The tour was designed particularly for the plaintiffs who cannot read or write English and have trouble understanding spoken English. While on that private tour led by a Spanish-speaking guide, the plaintiffs allege that their vehicle flipped over causing them serious injuries.

Before embarking on the cruise, the plaintiffs received their Passage Ticket and Contract ("the Contract") which contained the plaintiffs tickets as well as the terms and conditions governing their cruise. Prior to embarking on the cruise, the plaintiffs did not read the Contract or the limitations period contained therein. More than one year after the accident, the plaintiffs filed suit.

### II. *Motion of Princess for Summary Judgment*

#### A. *Summary Judgment Standard*

The role of summary judgment is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Mesnick v. General Elec. Co.*, 950 F.2d 816, 822 (1st Cir.1991) (quoting *Garside v. Osco Drug, Inc.*, 895 F.2d 46, 50 (1st Cir.1990)). The burden is upon the moving party to show, based upon the pleadings, discovery and affidavits, "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Once the moving party has satisfied its burden, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine, triable issue. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The Court must view the entire record in the light most hospitable to the non-moving party and indulge all reasonable inferences in that party's favor. *O'Connor v. Steeves*, 994 F.2d 905, 907 (1st Cir.1993).

#### B. *The Passage Ticket and Contract*

Princess contends that the plaintiffs' claims are time-barred as a matter of law by the one-year limitations provision ("the Provision") contained in the Contract.

A cruise line may set a shortened limitations period for suits against it. *See* 46 U.S.C.App. § 183b(a). Such provisions are upheld if they meet the "reasonably communicated" test set forth by the First Circuit Court of Appeals. *Shankles v. Costa Armatori, S.P.A.*, 722 F.2d 861, 864 (1st Cir.1983). That two-prong test requires the Court to examine 1) the physical characteristics of the contract and 2) the circumstances surrounding the passengers' purchase and retention of the contract. *Id.* at 864–65. It is well settled that the reasonableness of a cruise line's notice to passengers is a question of law, suitable for resolution by summary judgement. *Lousararian v. Royal Caribbean Corp.*, 951 F.2d 7, 9 (1st Cir.1991).

### 1. Contractual Provisions

 The Contract issued to the plaintiffs consisted of a multi-page pamphlet. The first three pages are virtually identical and contain standard booking information, including the passengers' names, sailing dates, dining information, etc. The top right corner of those pages identifies the pamphlet as a "PASSAGE TICKET AND CONTRACT" in large turquoise writing. At the bottom of those pages in bright red lettering is the following:

> IMPORTANT NOTICE. THIS TICKET INCLUDES THE PASSAGE CONTRACT TERMS ON THE SUCCEEDING PAGES WHICH ARE BINDING ON YOU. PLEASE READ ALL SECTIONS CAREFULLY AS THEY AFFECT YOUR LEGAL RIGHTS, PARTICULARLY SECTION 14 GOVERNING THE PROVISION OF MEDICAL AND OTHER PERSONAL SERVICES AND SECTIONS 15 THROUGH 18 LIMITING THE CARRIER'S LIABILITY AND YOUR RIGHTS TO SUE.

The text of the Contract itself is printed in approximately ⅛″ turquoise type. Clause 1 provides, in relevant part: "Upon receipt of the Cruise Fare, Carrier accepts the Passenger(s) named on the Passage Ticket for the Cruise, subject to the terms of this Passage Contract."

The provision applicable in this case provides, in relevant part, in bold type:

> 17. NOTICE OF CLAIMS AND SUITS; TIME LIMITATION; VENUE. Notwithstanding any provision of applicable law to the contrary: In cases involving claims for bodily injury or emotional injury, illness or death of any Passenger, no lawsuits may be brought against Carrier unless ... a lawsuit on such a claim is filed within 1 year from the date of the bodily injury or emotional injury, illness or death
> . . .

Taken together, the various notices and provisions of the Contract provide the passenger with adequate notice of the time limitation period contained therein. This Court concludes, therefore, that Princess has satisfied the first prong of the test.

### 2. Extrinsic Circumstances

 The plaintiffs contend that Princess fails the second prong of the test because the Contract is in English and the plaintiffs are unable to read English. The examination of the circumstances surrounding the passengers' purchase and retention of the contract, however, "does not depend upon actual knowledge of the terms in the contract of passage, but focuses instead on the opportunity for such knowledge." *Lousararian*, 951 F.2d at 11.

The fact that the plaintiffs did not or even could not have read the ticket is not dispositive. *Shankles*, 722 F.2d. at 865; *Jose Carlos Becantinos v. Cunard Line Ltd.*, 1991 WL 64187, *3 (S.D.N.Y.) ("it is well established law that the defense of inability to read the terms of the Passage Contract because of infancy, minority or unfamiliarity with the English language [is] insufficient to excuse the passenger from the terms and conditions of the Passage Contract"). The plaintiffs are charged with notice of the terms and conditions of the Contract because the documents were given to their English-speaking relative prior to their departure.

Furthermore, the plaintiffs had access to counsel prior to the expiration of the limitations period. *See Barkin v. Norwegian Caribbean Lines*, 1988 A.M.C. 645, 650 (D.Mass. 1987) ("the plaintiff was sophisticated enough to take her claim to an attorney who knew or should have known the importance of reading the terms of the contract"). Princess should not have to bear the responsibility for the failure of the plaintiffs' counsel to read the limitations provision in the Contract. *Id.* Because the plaintiffs had an opportunity to learn the terms and conditions of the Contract, Princess has satisfied the second prong of the test.

### C. *Estoppel*

 The plaintiffs argue that Princess should be estopped from enforcing the one-year limitations period because 1) within that time period it was aware that the plaintiffs were injured and were attempting to recover compensation and 2) it was not prejudiced by

the delay in the commencement of the action. Princess acknowledges that it received timely notice of the plaintiffs' claims, but contends that the plaintiffs have not established the elements of an estoppel claim.

■ Under the doctrine of estoppel, the plaintiffs must establish that they were misled by Princess or its agents so that the plaintiffs delayed suit because of 1) an affirmative statement that the limitations period was longer than it actually was, 2) promises by Princess to make a better settlement of the claim if the plaintiffs did not bring suit, or 3) comparable representations and conduct. *See Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1323–24 (11th Cir.1989). The plaintiffs have presented no evidence in support of their estoppel claim. This Court will, therefore, allow Princess's motion for summary judgment.

### III. *The Motion of A & K Int'l to Dismiss*

#### A. *Standard for Motions to Dismiss*

A motion to dismiss for failure to state a claim may be granted only if it appears, beyond doubt, that the plaintiffs can prove no facts in support of their claim that entitle them to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The Court must accept all factual averments in the complaint as true and draw all reasonable inferences in the plaintiffs' favor. *Garita Hotel Ltd. Partnership v. Ponce Fed. Bank, F.S.B.*, 958 F.2d 15, 17 (1st Cir.1992). The Court is required to look only to the allegations of the complaint and if under any theory they are sufficient to state a cause of action, a motion to dismiss the complaint must be denied. *Knight v. Mills*, 836 F.2d 659, 664 (1st Cir.1987).

#### B. *The Proper Party to the Lawsuit*

■ A & K Int'l contends that the claims against it should be dismissed because it is not the proper party to the lawsuit. It argues that the plaintiffs dealt with a separate corporate entity known as Abercrombie & Kent, Egypt ("A & K Egypt"). The plaintiffs allege that the tour van in which they were injured was in the custody and control of "Abercrombie & Kent International

Egypt". It is reasonable to infer that the plaintiffs were referring to the corporation they named as a defendant. Drawing that reasonable inference and accepting the factual averments as true, the plaintiffs have stated claims for which relief can be granted against A & K Int'l.

■ A & K Int'l argues in the alternative that even if it were correctly named as a defendant, it is not liable as a matter of law. A tour operator is not liable for the negligence of a third party supplier of services which the tour operator does not operate, manage or control. *See, e.g., Ross v. Trans Nat'l Travel*, 1990 WL 79229, *2 (D.Mass.); *Hassett v. Cape Cod Bicycle Tours, Inc.*, 1987 WL 17540, *1 (D.Mass.). The plaintiffs allege, however, that the defendant did control the tour van in which they were injured. Accepting that allegation as true, the plaintiffs have stated claims for which relief may be granted.

### ORDER

For the foregoing reasons:

1) the motion of Princess Cruises, Inc. for summary judgment is **ALLOWED;** and

2) the motion of Abercrombie & Kent International, Inc. to dismiss is **DENIED.**

So ordered.