OPINION OF THE COURT
Memorandum.
Order unanimously affirmed without costs.
Plaintiff commenced this action for unjust enrichment in the District Court, Nassau County, seeking a refund of the purchase price of the tickets. Defendant had previously refunded approximately two thirds of the value of the tickets, and the dispute concerned the remaining third. The tickets contained a forum selection clause limiting the venue of any action against defendant to courts located in Miami, Florida. Based upon this clause, defendant moved to dismiss the action on grounds of forum non conveniens, and the court below granted the motion.
The federal and New York State courts have repeatedly held both that cruise ticket contracts are governed by maritime law and that their forum selection clauses are enforceable (see e.g. Carnival Cruise Lines v Shute, 499 US 585 [1991]; Effron v Sun Line Cruises, Inc., 67 F3d 7 [2d Cir 1995]; Lemer v Karageorgis Lines, 66 NY2d 479 [1985]; Murray v Cunard S.S. Co., 235 NY 162 [1923]). This is true regardless of the stated nature of plaintiffs complaint, because the subject matter of the contract itself — passage on a ship — is maritime in nature; thus, it has been held that an action for unjust enrichment, as plaintiff describes the present action, is within admiralty jurisdiction (see Archawski v Hanioti, 350 US 532, 535 [1956]). It is the validity of this contract and the enforceability of the forum selection clause that plaintiff is attacking in seeking to lay venue of his action in Nassau County, and this question must be determined pursuant to federal admiralty law (Shute, 499 US at 589; Archawski, 350 US at 533). (The federal judiciary law’s “saving to suitors” clause, 28 USC § 1333 [1], vests original jurisdiction of such an action concurrently in the state and federal courts (see Lerner, 66 NY2d at 484-485].)
As a general rule, forum selection clauses in cruise ticket contracts are enforceable despite the purchaser’s lack of *35 negotiating power (see e.g. Shute, 499 US 585 [1991]; Effron, 67 F3d 7 [1995]; Lerner, 66 NY2d 479 [1985]). A two-part test has evolved to evaluate the legal effect of a forum selection clause: (1) whether the physical characteristics of the ticket reasonably communicate the existence of the terms and conditions at issue, and (2) whether the circumstances surrounding the passenger’s purchase and subsequent retention of the tickets permitted the passenger to become meaningfully informed of its contractual terms (Ward v Cross Sound Ferry, 273 F3d 520, 523 [2d Cir 2001]). These issues are questions of law for the court (see id.; see also Effron, 67 F3d 7 [1995]).
The first prong of the two-part test, whether the physical characteristics of the ticket reasonably communicate the existence of the forum selection clause, has been met. The front cover of the booklet containing the contract terms specifically urges passengers to read the terms and conditions, specifically noting the sections, by number, containing the forum selection and limitation of liability clauses; the clauses themselves are printed in prominent, all capital letter type (see Lerner, 66 NY2d at 485-486; Ward, 273 F3d at 524). The wording is, in all essentials, identical to that of the forum selection clause upheld in Shute (499 US 585 [1991]). For these reasons, defendant did “all it reasonably could to warn the passenger that the terms and conditions were important matters of contract affecting his legal rights” (Lerner, 66 NY2d at 485), and the forum selection clause is valid and enforceable to that extent.
The second prong, whether the circumstances surrounding the purchase of the ticket and its subsequent retention permit the passenger to become meaningfully informed of its terms and to acquiesce thereto, is more difficult to evaluate, and no bright-line rule has emerged. Rather, the focus, on a case-by-case basis, has been upon whether the passenger had a reasonable time to review the ticket contract’s terms without becoming bound by them. Thus, the Second Circuit noted in Ward (273 F3d at 524-525) that
“[i]n some cases it is unclear whether the passenger was allowed to retain the ticket, while in others the passenger specifically sought to avoid the terms because the ticket was collected upon boarding. In each of these cases, however, enforcement of the ticket’s terms was upheld in part because the passenger had received the ticket several days in advance of boarding and thus had ample time to *36 read it. See, e.g., Effron [v Sun Line Cruises, Inc.], 67 F.3d [7] at 8 (upholding forum selection clause where plaintiff purchased the ticket one month in advance); Foster v. Cunard White Star, 121 F.2d 12, 13 (2d Cir.1941) (per curiam) (‘Plaintiff is charged with notice [of time limitation] . . . since her brother . . . [had ticket] for some seventeen days before the voyage.’); Colby v. Norwegian Cruise Lines, Inc., 921 F.Supp. 86, 88 (D.Conn.1996) (holding that even though ticket was surrendered upon boarding, plaintiff was deemed to have reasonable notice of forum selection clause because plaintiff had ticket ‘for a period of time’); Murray v. Cunard S.S. Co., 235 N.Y. 162, 166, 139 N.E. 226 (1923) (Cardozo, J.) (holding that fact that ticket was collected upon boarding did not help plaintiff in fighting time limitation because he ‘held [the ticket] several days with ample time to read it’). Notably, in each of these cases, the amount of time the passenger had to examine the ticket was critical to the decision to uphold the contractual limitation.” {See also 17 NY Jur 2d, Carriers § 371, at 421 [“In those instances where the ticket is regarded as a contract of transportation, and the conditions are plainly printed thereon, the passenger is presumed to have read such conditions, assented thereto, and is bound . . . even though he has not read them . . .”; an exception is made where a ticket is a “mere token” or receipt for money paid].)
In the present case, although plaintiff alleges that he did not receive the materials containing the forum selection clause until after payment was made, he has not contested defendant’s assertion that the tickets were mailed to him on approximately November 16, and that he was thus in possession of the tickets for two to three weeks prior to learning of his father’s illness and subsequently canceling his reservations. He thus had a reasonable time, within the limits that have been upheld in previous cases, to review the forum selection clause prior to canceling and prior to commencing this action {see Lerner, 66 NY2d at 486-487; Ward, 273 F3d 520, 524-525 [2001]). Therefore, he was bound by the forum selection provision in question, and the action was properly dismissed.
McCabe, EJ., Lifson and Skelos, JJ.