**Nettie EFFRON, Plaintiff,**

v.

**SUN LINE CRUISES, INC. and Sun Line Greece Special Shipping Co., Inc., Defendants.**

**No. 93 Civ. 0896 (MGC).**

United States District Court, S.D. New York.

Sept. 23, 1994.

Phillips Cappiello Kalban Hofmann & Katz, P.C., New York City by Paul T. Hofmann, for plaintiff.

Walker & Corsa, New York City by Scott A. Walker, for defendant.

MEMORANDUM OPINION AND ORDER

CEDARBAUM, District Judge.

Plaintiff sues for injuries allegedly suffered on a South American cruise. On July 22, 1994 defendants' motions to dismiss the complaint were denied, 857 F.Supp. 1079. Defendants move for reargument pursuant to Local Rule 3(j), or in the alternative for certification of an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). For the reasons discussed below, the motion for reargument is denied but the motion for certification is granted.

### Background

According to the complaint, plaintiff was injured when she fell during a South American cruise on the *Stella Solaris*. Defendant Sun Line Greece Special Shipping Co., Inc. ("Sun Line Greece"), a Greek corporation, is the ship's owner. Defendant Sun Line Cruises, Inc., ("Sun Line Cruises"), a New York corporation, markets cruises aboard the *Stella Solaris*. Plaintiff purchased her ticket through a Florida travel agent who dealt with Sun Line Cruises in New York.

Defendants' original motions presented two distinct issues. Sun Line Greece moved to dismiss on the ground that the forum selection clause in plaintiff's ticket requires that her claims be brought in Greece. That motion was denied on the ground that it would be fundamentally unfair to enforce the forum selection clause because to do would effectively deprive plaintiff of her day in court. *See M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 18, 92 S.Ct. 1907, 1917, 32 L.Ed.2d 513 (1972) ("it should be incumbent on the party seeking to escape his contract to show that trial in the contractual forum will be so gravely difficult and inconvenient and that he will for all practical purposes be deprived of his day in court.")

Sun Line Cruises moved for summary judgment on the ground that at all times it acted as an agent for a disclosed principal. *See Seguros Banvenez, S.A. v. S/S Oliver Drescher*, 761 F.2d 855, 860 (2d Cir.1985) (agent for a disclosed principal is not liable on contract). That motion was denied because there was a genuine issue of material fact as to whether Sun Line Cruises' agency was actually disclosed to plaintiff.

### Reargument

Under Local Rule 3(j), the "only proper ground on which a party may move to reargue an unambiguous order is that the court has overlooked 'matters or controlling decisions' which, had they been considered, might reasonably have altered the result reached by the court." *Adams v. United States*, 686 F.Supp. 417, 418 (S.D.N.Y.1988); *Keogh Corp. v. Howard, Weil, Labouisse, Friedrichs Inc.*, No. 88 Civ. 8447, 1993 WL 337981 at *1 (S.D.N.Y. Aug. 31, 1993). Local Rule 3(j) must be "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the court" and "the court must not allow a party [to] use the motion to reargue as a substitute for appealing from a final judgment." *Candelaria v. Coughlin*, 155 F.R.D. 486, 491 (S.D.N.Y.1994). Defendants have not made a sufficient showing to warrant reargument.

■ With respect to its motion to dismiss, Sun Line Greece argues that the court overlooked the holdings and reasoning in *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991), *Hodes v. S.N.C. Achille Lauro ed Altri–Gestione*, 858 F.2d 905 (3d Cir.1988), *cert. dismissed*, 490 U.S. 1001, 109 S.Ct. 1633, 104 L.Ed.2d 149 (1989) and *Hollander v. K–Lines Hellenic Cruises, S.A.*, 670 F.Supp. 563 (S.D.N.Y.1987). This argument is meritless. The memorandum opinion and order of July 22, 1994 discussed in detail each of the three cases cited by Sun Line Greece. A party's disagreement with the court's interpretation of a precedent is not a ground for reargument. Moreover, Sun Line Greece's characterization of the holdings of the Third Circuit in *Hodes* and of another judge of this court in *Hollander* as "controlling" is erroneous.

■ In denying Sun Line Cruises' motion for summary judgment I held:

Whether Sun Line Cruises disclosed to plaintiff that it was acting on behalf of Sun Line Greece is a jury question. In support

of its motion, Sun Line Cruises relies primarily on plaintiff's ticket, which states that it is a contract between passengers and "the Carrier." Sun Line Greece is identified as the Carrier only in small print at the bottom of page 4.

Sun Line Cruises argues that this ruling was erroneous because I overlooked that Sun Line Greece is identified as the carrier in Clause 1(b) of the ticket. Clause 1(b) reads as follows:

This passage contract provides for transportation on the Vessel named above or on a substituted vessel, the name and the owner or chartered owner of which shall be designated hereon when presented by the Passenger at or prior the embarkation. SUN LINE GREECE SPECIAL SHIPPING CO., Inc. assumes responsibility only for such stage or stages of such transportation as shall be performed by it as Carrier on a Vessel owned or chartered by demise to or operated by such Carrier. If the Vessel or any substituted Vessel is not owned or chartered by demise to SUN LINE GREECE SPECIAL SHIPPING Co. Inc., this passage contract shall take effect as a contract with the owner or demise charterer thereof if other than SUN LINE GREECE SPECIAL SHIPPING CO., Inc. as the case may be, as principal, made through the agency of SUN LINE GREECE SPECIAL SHIPPING CO., Inc., which acts as agent only and shall be under no personal liability whatsoever in respect thereof.

Sun Line Cruises argues that I also overlooked that "prominently displayed on the front of the ticket is the name 'Sun Line Greece Special Shipping Co., Inc.' and the country of registry of the vessel (Greece)."

I scrutinized the entire ticket in deciding the original motion and was well aware of the provisions Sun Line Greece now cites. The importance I ascribed to the ticket as a whole is demonstrated by the fact that a copy of the ticket was attached as an appendix to the July 22, 1994 memorandum opinion and order. Sun Line Cruises has not proffered a persuasive argument that I must decide *as a matter of law* that it was an agent for a disclosed principal. It will have an opportunity to present its position to a jury. The cases on which Sun Line Greece relies, *Kientzler v. Sun Line Greece Special Shipping Co., Inc.,* 779 F.Supp. 342 (S.D.N.Y. 1991) and *Browns v. Royal Viking Lines, Ltd.,* 1977 A.M.C. 2159 (S.D.N.Y.1977), were considered but not discussed in the July 22, 1994 memorandum opinion and order because they were neither persuasive nor controlling.

*Certification of Interlocutory Appeal*

■ Although defendants' motion for reargument is denied, the alternative motion for certification of an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) is granted. A district court, in its discretion, may certify an otherwise unappealable order where the order (1) involves a controlling question of law (2) as to which there is a substantial ground for difference of opinion, and (3) where an immediate appeal may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b); *Klinghoffer v. S.N.C. Achille Lauro ed Altri–Gestione Motonave Achille Lauro in Amministrazione Straordinaria,* 921 F.2d 21, 23 (2d Cir.1990); *United Rope Distributors, Inc. v. Kimberly Line,* 785 F.Supp. 446, 453 (S.D.N.Y.1992).

I am of the opinion that the order of July 22, 1994 denying Sun Line Greece's motion to dismiss satisfies the criteria of § 1292(b). There is "substantial ground for difference of opinion" as to whether the Supreme Court would enforce a small print ticket clause requiring an American passenger who purchased the ticket in the United States to bring suit in a foreign country far away from and unconnected with the continent of the cruise and the place where the injury sued on occurred when there is no question that the shipowner does extensive business in the United States and is subject to personal jurisdiction in New York. If the Court of Appeals should disagree with my interpretation of *Carnival Cruise Lines v. Shute,* 499 U.S. 585, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991), the action would be dismissed. Thus, "an immediate appeal may materially advance the ultimate termination" of this litigation. *See Klinghoffer,* 921 F.2d at 24.

### Conclusion

For the foregoing reasons, defendants' motion for reargument is denied but the motion to certify an interlocutory appeal of the memorandum opinion and order of July 22, 1994 is granted pursuant to 28 U.S.C. 1292(b).

SO ORDERED.