Nettie EFFRON, Plaintiff–Appellee,

v.

SUN LINE CRUISES, INC.; and Sun Line Greece Special Shipping Co., Inc., Defendants–Appellants.

No. 1718, Docket 94–9279.

United States Court of Appeals, Second Circuit.

Argued May 24, 1995.

Decided Sept. 11, 1995.

Paul T. Hofmann, New York City (Cappiello Hofmann & Katz, of counsel), for plaintiff-appellee.

Scott A. Walker, New York City (Walker & Corsa, of counsel), for defendants-appellants.

Before: VAN GRAAFEILAND, KEARSE and CALABRESI, Circuit Judges.

**VAN GRAAFEILAND,** Circuit Judge:

Sun Line Cruises, Inc. (hereinafter "Sun Line Cruises") and Sun Line Greece Special Shipping Co., Inc. (hereinafter "Sun Line Greece") appeal pursuant to 28 U.S.C. § 1292(b) from an order of the United States District Court for the Southern District of New York (Cedarbaum, J.) denying Sun Line Greece's motion to dismiss Nettie Effron's suit against it for injuries sustained aboard a Sun Line Greece cruise ship, the Stella Solaris, and Sun Line Cruises' motion for summary judgment in the claim against it arising out of the same accident. *See* 857 F.Supp. 1079 (S.D.N.Y.1994). For the reasons that follow, we reverse the denial of Sun Line Greece's motion and remand without ruling on the denial of Sun Line Cruises' motion for summary judgment.

On January 10, 1992, Nettie Effron, a resident of Palm Beach, Florida, purchased a 17–day South American vacation package through her Florida-based travel agent. The package included air travel from Florida to Brazil on February 12, 1992 and from Argentina to Florida on February 28, 1992. The centerpiece of the vacation was a 16–day cruise aboard the Stella Solaris. The cruise commenced in Manaus, Brazil, included ports of call in five Brazilian and Uruguayan cities, and terminated in Buenos Aires, Argentina. Effron's travel agent purchased this "exotic" package from Sun Line Cruises, a New York firm.

Included in the record is what Effron described as "a copy of the promotional brochure for the February 1992 cruises being marketed to me." (Effron affidavit dated October 23, 1993) This brochure contained a document entitled "Reservations Information", which stated that the Stella Solaris was a luxury ship of Greek registry and directed the attention of passengers to "the general conditions of transportation set out in the Passage Contract." It also carried the following message under the sub-heading "Responsibility":

The transportation of passengers and baggage on the Stella Solaris is provided solely by Sun Line Greece Special Shipping Co., Inc. (owners of the Stella Solaris) and is governed by the terms and conditions

printed on the Passenger Ticket Contract which may be inspected at any Sun Line office. Passenger's acceptance of that ticket constitutes agreement to those terms and conditions.

The "Passage ticket and contract" to which plaintiff's attention was directed contained several pertinent and controlling provisions:

*IMPORTANT NOTICE—READ BE-FORE ACCEPTING:*

Please read carefully the terms of this ticket beginning on page 1 and continuing through page 4. All these terms are an integral part of the contract between passengers and the Carrier. In accepting this contract, you agree to the terms. Attention is particularly drawn to the Carrier's right of exemption and limitation set forth in Clauses 12 and 13 (pages 3 and 4).

Clause 13, the forum-selection provision of the Passage contract, reads as follows:

Notwithstanding anything to the contrary contained herein, any action against the Carrier must be brought only before the courts of Athens[,] Greece to the jurisdiction of which the Passenger submits himself formally excluding the jurisdiction of all and other court or courts of any other country or countries which court or courts otherwise would have been competent to deal with such action.

The ticket also informs passengers that the carrier with whom they are contracting is Sun Line Greece. The company's Greek address and phone number are listed on the face of the ticket together with a statement that the Stella Solaris' country of registry is Greece.

During the South American cruise Effron allegedly was injured as the result of a shipboard fall. She brought suit against Sun Line Cruises and Sun Line Greece in New York, where she maintains a second residence. She asserted tort and breach of contract claims and demanded over $500,000 in damages.

On September 30, 1993, defendants moved jointly against the complaint. Sun Line Greece sought dismissal of the suit against it without prejudice to Effron bringing suit in

Greece pursuant to the forum-selection clause. Sun Line Cruises sought summary judgment in its favor on the ground that it at all times acted as the agent of Sun Line Greece, a disclosed principal. The district court denied both motions on July 22, 1994.

Defendants then moved jointly for reargument of their motions or in the alternative for certification of an interlocutory appeal. At this point, the procedure below becomes somewhat murky. We assume that the finality aspect of the district court's rejection of Sun Line Greece's forum-selection clause is what motivated the district court to certify interlocutory review. However, the district court's ruling was that the "defendants' [(plural)] motion for reargument is denied but the motion to certify an interlocutory appeal of the memorandum opinion and order of July 22, 1994 is granted pursuant to 28 U.S.C. 1292(b)." 158 F.R.D. 39, 42.

On December 13, 1994, we granted permission to "Defendants–Petitioners" to appeal "a memorandum opinion and order dated July 22, 1994." Nonetheless, the parties have neither briefed nor argued the merits of Sun Line Cruises' contention that it acted as an agent of a disclosed principal, apparently concluding, as we now do, that this issue was not certified for review. Under the circumstances, we deem it best to remand the denial of the summary judgment issue to the district court without passing on its merits.

### The Forum–Selection Clause

■ The legal effect of a forum-selection clause depends in the first instance upon whether its existence was reasonably communicated to the plaintiff. *Spataro v. Kloster Cruise, Ltd.,* 894 F.2d 44, 45–46 (2d Cir.1990) (per curiam); *see also Hodes v. S.N.C. Achille Lauro ed Altri–Gestione Montonoave Achille Lauro in Amministrazione Straordinaria,* 858 F.2d 905, 909–12 (3d Cir.1988), *cert. dismissed,* 490 U.S. 1001, 109 S.Ct. 1633, 104 L.Ed.2d 149 (1989); *DeNicola v. Cunard Line Ltd.,* 642 F.2d 5, 9 (1st Cir.

1981). Although the district court made some critical comments about the makeup and form of Sun Line Greece's Passage ticket and contract, it did not hold that the ticket failed to reasonably communicate the existence of the forum-selection clause. The issue of reasonable notice is a question of law, *see Spataro, supra,* 894 F.2d at 45–46; *Lieb v. Royal Caribbean Cruise Line, Inc.,* 645 F.Supp. 232, 234 (S.D.N.Y.1986).[1] We address it de novo and hold that the existence of the forum-selection clause was reasonably communicated to the plaintiff.

The ticket at issue is comparable to a typical airline ticket. It consists of three double-sided leaves, each approximately 4″ × 8½″. The warning "IMPORTANT NOTICE—READ BEFORE ACCEPTING" is found in bold, capitalized, medium-sized lettering on the face of the ticket. Immediately below the warning, in somewhat smaller print, the ticket purchaser's attention is directed specifically to the contract clause that limits choice of forum. The forum-selection clause itself states in clear and unambiguous language—albeit in fine print—that all suits against the carrier must be brought in Athens, Greece. We have upheld provisions in passage contracts that were communicated in a manner similar to the forum-selection clause in appellants' ticket, *see, e.g., Spataro, supra,* 894 F.2d at 45–47; *McQuillan v. "Italia" Societa Per Azione Di Navigazione,* 386 F.Supp. 462, 465–66 (S.D.N.Y.1974), *aff'd mem.,* 516 F.2d 896 (2d Cir.1975), and see no reason for a different result here. *See also Kientzler v. Sun Line Greece Special Shipping Co.,* 779 F.Supp. 342, 345–46 (S.D.N.Y. 1991) (holding that a Sun Line ticket apparently identical to the one challenged here adequately notified the passenger as to the importance of its terms).

■ Appellee argues principally that the forum-selection clause should not be enforced because, she says, it would violate notions of fundamental fairness. *See Carnival Cruise Lines, Inc. v. Shute,* 499 U.S. 585, 595, 111

---

1. *See also Lousararian v. Royal Caribbean Corp.,* 951 F.2d 7, 9 (1st Cir.1991); *Nash v. Kloster Cruise A/S,* 901 F.2d 1565, 1567 (11th Cir.1990) (per curiam); *Marek v. Marpan Two, Inc.,* 817 F.2d 242, 244–45 (3d Cir.), *cert. denied,* 484 U.S. 852, 108 S.Ct. 155, 98 L.Ed.2d 110 (1987); *Deiro v. American Airlines, Inc.,* 816 F.2d 1360, 1364 (9th Cir.1987); *Barbachym v. Costa Line, Inc.,* 713 F.2d 216, 218 (6th Cir.1983).

S.Ct. 1522, 1528, 113 L.Ed.2d 622 (1991). We are not persuaded. There is no evidence that appellants obtained appellee's accession to the forum clause by fraud or overreaching. *See id.* Moreover, there is no indication that appellants designated Greece as the forum to "discourag[e] cruise passengers from pursuing legitimate claims." *See id.* Sun Line Greece is a Greek corporation that maintains its office in Piraeus, Greece; the Stella Solaris sails from Piraeus to the Greek Islands from May through November; the ship's port of registry is Piraeus. Appellee has made no showing whatsoever that she would not receive a fair hearing on her claims in Greece. In fact, courts in the Southern District of New York twice have enforced contracts designating Greek courts as the exclusive forum for adjudication. *See, e.g., Hollander v. K–Lines Hellenic Cruises, S.A.,* 670 F.Supp. 563, 566 (S.D.N.Y.1987) (enforcing forum-selection clause in cruise ticket); *Damigos v. Flanders Compania Naviera, S.A. Panama,* 716 F.Supp. 104, 107 (S.D.N.Y. 1989).

■ According to the Passenger Registry for the Stella Solaris' February 19, 1992 cruise, passengers came from a large number of the 50 American states. In addition, 59 passengers were residents of Iceland; 10 were residents of Australia; and 10 were residents of Canada. It therefore was reasonable for appellants to select a single venue for passenger suits and, if a forum was to be selected, Greece was the most reasonable choice. As the Supreme Court explained in *Carnival Cruise, supra,*

> [A] cruise line has a special interest in limiting the fora in which it potentially could be subject to suit. Because a cruise ship typically carries passengers from many locales, it is not unlikely that a mishap on a cruise could subject the cruise line to litigation in several different fora. Additionally, a clause establishing *ex ante* the forum for dispute resolution has the salutary effect of dispelling any confusion about where suits arising from the contract must be brought and defended, sparing litigants the time and expense of pretrial motions to determine the correct forum and conserving judicial resources that oth-

erwise would be devoted to deciding those motions. Finally, it stands to reason that passengers who purchase tickets containing a forum clause like that at issue in this case benefit in the form of reduced fares reflecting the savings that the cruise line enjoys by limiting the fora in which it may be sued.

499 U.S. at 593–94, 111 S.Ct. at 1527–28 (citations omitted); *see also Hodes, supra,* 858 F.2d at 913.

■ In recent years, the courts of this circuit have emphasized that "[a] forum is not necessarily inconvenient because of its distance from pertinent parties or places if it is readily accessible in a few hours of air travel." *Calavo Growers of California v. Generali Belgium,* 632 F.2d 963, 969 (2d Cir.1980) (Newman, J., concurring), *cert. denied,* 449 U.S. 1084, 101 S.Ct. 871, 66 L.Ed.2d 809 (1981). Perhaps Judge Oakes provided the spark for this observation in his dissenting opinion in *Fitzgerald v. Texaco, Inc.,* 521 F.2d 448 (2d Cir.1975), *cert. denied,* 423 U.S. 1052, 96 S.Ct. 781, 46 L.Ed.2d 641 (1976), where, pointing to the "extraordinary development of worldwide economical air travel by jet," he stated that "in the year 1975 no forum is as inconvenient as it was in 1947." *Id.* at 456. Twenty more years of transportation progress have elapsed since Judge Oakes thus questioned the "entire doctrine of *forum non conveniens.*" Moreover, we are concerned here with a forum of contract, not of convenience. The fact that Sun Line Greece's Passage contract designates a foreign court as the forum for adjudication does not change the inconvenience calculus. In *Vimar Seguros y Reaseguros, S.A. v. M/V Sky Reefer,* —— U.S. ——, ——–——, 115 S.Ct. 2322, 2327–28, 132 L.Ed.2d 462 (1995), the Supreme Court enforced a forum-selection clause contained in a form contract that required a New York plaintiff to litigate its claim in Tokyo and rejected the foreign versus domestic distinction that appellee urges us to adopt today. In short, the costs and difficulties entailed in suing in Greece, "being but the obvious concomitants of litigation abroad, do not satisfy *The Bremen* [inconvenience] standard." *Hodes, supra,* 858 F.2d at 916 (citing *The Bremen v. Zapata Off-*

*Shore Co.*, 407 U.S. 1, 18, 92 S.Ct. 1907, 1917, 32 L.Ed.2d 513 (1972)).

Moreover, the reasons Effron advances for not enforcing the forum-selection clause are not binding or particularly compelling. Effron's alleged fear of staying in a "strange city" rings hollow in the context of this suit, arising as it does from a vacation tour of various South American cities. Unsupported statements concerning financial difficulties are less than persuasive when made by someone who owns homes in Palm Beach and New York and who has just returned from an expensive foreign vacation. Finally, appellee's complaints about the difficulty of transporting witnesses abroad must be weighed against the difficulties that Sun Line Greece would encounter if it were required to respond to suits in the multitude of jurisdictions from which its passengers hail. We note also that there may not be any need for appellee to transport witnesses to Greece in order to benefit from their testimony. *See* MARTINDALE-HUBBELL INT'L LAW DIGEST, *Greek Law Digest*, Topic: Depositions, *available in* LEXIS, Martindale–Hubbell Library, Int'l L. Digest File ("Greek courts may request American courts ... to take testimony under a 'commission rogatoire.' Depositions abroad may be taken before Greek consular officers.").

We disagree with the district court's assertion that enforcement of the forum-selection clause would effectively deprive plaintiff of her "day in court" within the traditional meaning of the quoted phrase. *See Olsen v. Muskegon Piston Ring Co.*, 117 F.2d 163, 165 (6th Cir.1941) ("[T]he right to a day in court means not the actual presentation of the case, but the right to be duly cited to appear and to be afforded an opportunity to be heard."). *See also Galpin v. Page*, 85 U.S. (18 Wall.) 350, 368–69, 21 L.Ed. 959 (1873); *Mitchell v. National Broadcasting Co.*, 553 F.2d 265, 271 (2d Cir.1977). A plaintiff may have his "day in court" without ever setting foot in a courtroom. *See, e.g., Gray v. Great Am. Recreation Ass'n*, 970 F.2d 1081, 1082 (2d Cir.1992). If this were not so, gravely injured and incapacitated plaintiffs might not be able to recover for their injuries. Although appellee would prefer the relative comfort of a court in New York or Florida, she agreed to have her claim adjudicated in Greece. This agreement should not be negated unilaterally by plaintiff's conclusory assertions that she cannot afford to travel to Greece, that she would be afraid to stay at a strange city, that she does not know any Greek lawyers, etc. Unsupported statements such as these do not meet the " 'heavy burden of proof' " required to set aside a forum-selection clause on the ground of inconvenience. *See Carnival Cruise, supra*, 499 U.S. at 595, 111 S.Ct. at 1528 (quoting *The Bremen, supra*, 407 U.S. at 17, 92 S.Ct. at 1917).

We hold that the district court erred in not enforcing the forum-selection clause. We reverse that portion of the district court's July 22, 1994 memorandum opinion and order which rejects application of the forum-selection clause, and we remand that issue to the district court with instructions to dismiss the complaint against Sun Line Greece Special Shipping Co., Inc. subject to the right to refile the complaint in the courts of Athens, Greece. That portion of the order which denied Sun Line Cruises, Inc.'s motion for summary judgment is remanded sans adjudication to the district court for further proceedings.

CALABRESI, Circuit Judge, concurring:

A preliminary analysis leads me to think that upholding forum-selection clauses like the one involved in this case makes very little economic sense. Were we writing on a clean slate, I would want to examine the issue with great care before deciding whether we should do so. Since, however, existing case law is as the majority describes it, and since I also agree completely with the way the majority applies that law to the particular facts of this case, I believe that the result reached is appropriate.

Accordingly, I concur.