Lauriat, J.
Kristi (Gilman) Pucillo (“Kristi”) and Joseph Pucillo (“the Pucillos”) brought this action against the defendant, Carnival Corporation (“Carnival”), to recover damages for injuries that Kristi allegedly sustained while aboard a Carnival Cruise Line cruise. Carnival has now moved to dismiss the Complaint pursuant to Mass.R.Civ.P. 12(b)(3) for improper venue and Mass.R.Civ.P. 12(b)(6) for failure to state a claim. While the issues presented to this court included a forum-selection clause, time-limitation *277 clause, and whether the ship’s doctor was an employee of Carnival, the court will only address the forum-selection provision. For the following reasons, Carnival’s motion to dismiss is allowed.
BACKGROUND
On March 19, 1998, the Pucillos booked a seven-day cruise on “Destiny,” a Carnival vessel, through Anderson Travel, a Massachusetts travel agency. After the Pucillos booked their cruise they received a nonrefundable Passenger Ticket Contract (“the Ticket”), which contained their boarding pass and a contract. On the cover page of the Ticket there was a heading in capital letters stating: “IMPORTANT NOTICE TO PASSENGERS.” Toward the end of the fifty-two page Ticket were provisions specifying forum selection,[1] time limitation,[2] and a provision stating that on-board physicians were independent contractors and not employees or agents of Carnival.[3]
On April 19, 1998, the Pucillos boarded “Destiny,” which departed from Miami, Florida. After visiting several ports, the Destiny was scheduled to return to Miami, Florida on April 26, 1998. On April 23, 1998, Kristi was injured by a stingray while participating in a Carnival-sponsored activity. Kristi sought and received treatment for her injuries from the ship’s doctor. She alleges that she requested antibiotics but that the doctor only treated her wound by cleaning the affected area with hydrogen peroxide and by administering ibuprofen.
On April 26, 1998, the Pucillos arrived in Boston from Miami and Kristi was admitted to Massachusetts General Hospital because she was still in pain from the stingray injuiy. While at the hospital, she was provided with antibiotics consisting of Vancomycin, Ceftriaxone, and Doxycycline. Kristi alleges that she remains in pain and suffers from numbness and weakness in various parts of her right lower extremity.
DISCUSSION
A motion to dismiss for failure to state a claim will be granted when “it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” General Motors Acceptance Corp., v. Abington Casualty Ins. Co., 413 Mass. 583, 584 (1992), quoting Nader v. Citron, 372 Mass. 96, 98 (1977). In making this determination, the court must treat the factual allegations of the complaint as true, and the plaintiff is entitled to all favorable inferences. See id. at 584.
While the court has personal jurisdiction over the defendants in this action, the forum-selection clause in the Ticket is problematic. Cruise ships are governed under maritime law, which applies federal and not state law. See Archawski v. Hanioti, 350 U.S. 532, 533 (1956). In applying federal law, the court must follow and apply the decision of the United States Supreme Court in Carnival Cruise Lines, Inc., v. Shute, 499 U.S. 585, 593 (1991), where the Court declared that forum-selection provisions in a passenger cruise contract are valid and enforceable. The Court determined that this clause was enforceable because it “clarifies for the parties where the suit must be brought, thereby sparing the litigants and the courts time and expense to determine the proper forum for the suit.” Id. at 593-94. By upholding the forum-selection provision, the Court placed a heavy burden on plaintiffs “to demonstrate that the forum-selection clause should not be enforced because its enforcement would be unjust or unreasonable or because the clause was obtained via fraud or overreaching.” Perez v. Carnival Cruise Lines, 993 F.Sup. 39, 41 (D.Puerto Rico 1998).
The case before this court is factually and legally indistinguishable from Shute. As in Shute, the Pucillos bought their non-refundable tickets in Massachusetts and received them prior to leaving for Florida. The contract provisions were set forth in the tickets. The Pucillos traveled to Florida and boarded the “Destiny.” Kristi was injured while aboard a Carnival ship and has brought this action in Massachusetts against Carnival and the ship’s doctor for negligence.
Based on these facts, the Pucillos have an insurmountable burden. Since the Supreme Court decision in Shute in 1991, the cruise line industry has consistently succeeded in enforcing the forum-selection provision in their tickets. See e.g., Perez, 993 F.Sup. at 39; Gomez v. Royal Caribbean Cruise Lines, 964 F.Sup. 42 (D.Puerto Rico 1997); Effron v. Sun Line Cruises, 67 F.3d 7 (2d Cir. 1995). Moreover Massachusetts has adopted the modern view of enforcing forum-selection clauses as long as they are fair and reasonable. Jacobson v. Mailboxes Etc. U.S.A., Inc., 419 Mass. 572, 575 (1995). From the papers, it appears that Carnival’s forum-selection clause is unfair and unreasonable because of the location of the clause, and the microscopic size of its print. The clause also appears unreasonable because passengers do not have an opportunity to read the clause until after they purchase their non-refundable tickets. However, these concerns are the same as those that were unsuccessfully presented to the Supreme Court in Shute.[4]
Although the court is sympathetic to the plight of the Pucillos, it is bound by the United States Supreme Court decision in Shute, and must therefore dismiss this action without prejudice to its renewal in the courts of Florida.
ORDER
For the forgoing reasons, Defendant Carnival Corporation’s Motion to Dismiss is ALLOWED without prejudice to this action being refiled in Florida.

“It is agreed by and between the passenger and the Carrier that all disputes and matters . . . shall be litigated if at all, in and before a Court located in State of Florida ... to the exclusion of the courts of any other state or country.” ¶8 of the Ticket.

“The carrier shall not be liable for any claims . . . unless full particulars thereof in writing be given to the Carrier or *278 their agents within 185 days after the Passengers shall be landed ... Suit to recover any claim shall not be maintainable in any event unless commenced within one year after the date of loss, injury, or death.” SI7 of the Ticket.

A physician “shall not be considered in any respect, whatsoever, as the employee, servant, or agent of the Carrier, and the Carrier shall not be liable for any acts or omission of such person . . . with respect to treatment, advice of care of any kind given to any passenger.” ¶6 of the Ticket.

Justices Stevens and Marshall dissented in Shule. They opined that the clauses are unfair and unreasonable because the type size of the ticket coupled with the fact that the passengers have no bargaining power. 499 U.S. at 598. Justice Stevens wrote:
the average person would accept the risk of having to file suit in Florida in the event of an injury, rather than canceling — without a refund — a planned vacation at the last minute. The fact that the cruise line can reduce its litigation costs, and therefore its liability insurance premiums, by forcing this choice on its passengers does not, in my opinion, suffice to render the provisions reasonable.

Id.