867 So.2d 1191 (2004)
Eugene BURNS, Appellant,
v.
RADISSON SEVEN SEAS CRUISES, INC., Services et Transports Tahiti, Copropriete du Navire Paul Gauguin, The Cruise Station, and Dimensions in Travel, Inc., Appellees.
No. 4D03-1333.
District Court of Appeal of Florida, Fourth District.
March 3, 2004.
*1192 Kelley B. Gelb and Walter G. Campbell, Jr. of Krupnick, Campbell, Malone, Buser, Slama, Hancock, McNelis, Liberman & McKee, P.A., Fort Lauderdale, for appellant.
Louis H. McMurray and Douglas M. McIntosh of McIntosh, Sawran, Peltz Cartaya & Petruccelli, P.A., Miami, for Appellees-Radisson Seven Seas Cruises, Inc.; Services et Transports Tahiti; and Copropriete De Naviere Paul Gauguin.
STONE, J.
Eugene Burns appeals an order dismissing a complaint for improper venue. The order enforces a forum selection clause contained in a cruise ticket requiring Burns to bring suit in France. We affirm.
Burns, a resident of San Francisco, California, contracted to act as radio host for seven days on Tahitian cruise ship, the Paul Gauguin, and was subsequently injured in a slip and fall while on board. Radisson Seven Seas Cruises, headquartered in Broward county, had issued Burns a cruise ticket containing a forum selection clause providing that United States citizens must bring suit, for any incidents arising on board a cruise ship that does not touch a United States port, in Paris, France.
In admiralty cases, federal law governs the enforceability of forum selection clauses contained in passenger cruise contracts. Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 590, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991). The United States Supreme Court has held that forum selection clauses are generally presumed valid, unless enforcement of the agreement would be unreasonable under the particular circumstances, so as to encourage international trade and foster international relationships. M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972). This presumption places a heavy burden on a plaintiff contesting a forum selection clause to present compelling evidence that the clause was based on fraud, undue influence, unequal bargaining power, overreaching, or fundamental unfairness. Carnival, 499 U.S. at 590, 111 S.Ct. 1522 (citing M/S Bremen, 407 U.S. at 12, 92 S.Ct. 1907).
*1193 Burns does not assert that the forum selection clause is fraudulent or that he is financially unable to bring suit in France; rather, he contends that the clause is inconvenient and unreasonable.
In Effron v. Sun Line Cruises, Inc., 67 F.3d 7, 8 (2nd Cir.1995), a passenger and resident of Palm Beach, Florida, took a 16-day cruise aboard a Greek cruise ship departing from Brazil and returning to Argentina. Id. The passenger brought suit in New York, where she maintained a second residence, for injuries sustained during a slip and fall while on board the ship, despite the fact that a forum selection clause provided the passenger must submit to the jurisdiction of Athens, Greece. Id. Noting that the passenger had reasonable notice of the clause, and that there was no evidence of fraud, the Effron court found Greece was a reasonably neutral location for passengers from a range of countries. Id. at 10. Finally, while the passenger may experience inconvenience and expensive travel, the court found that the forum selection clause was not so unfair as to deprive the passenger of "her day in court." Id. at 11. But See Carnival, 499 U.S. at 592, 111 S.Ct. 1522 (where the Court indicated that forum selection clauses may be unreasonable when parties are forced to adjudicate in a remote forum).
Like in Effron, the Paul Gauguin both departed and returned from a foreign locale, never making contact with any ports or waters of the United States. Accordingly, it is reasonable that Radisson selected Paris, France as a neutral location in order to dispel confusion as to where passengers from a variety of countries could bring a lawsuit.
By arguing that Paris, France is merely an unreasonable and inconvenient locale, Burns has not met his burden of proof as set forth in Carnival and M/S/ Bremen. Therefore, we affirm the dismissal of Burns's complaint for improper venue and find the forum selection clause valid.
WARNER and KLEIN, JJ., concur.