16-3704-cv
MBC Fin. Servs Ltd. v. Boston Merch. Fin. Ltd.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of August, two thousand seventeen.

PRESENT: PIERRE N. LEVAL,
REENA RAGGI,
RAYMOND J. LOHIER, JR.,
*Circuit Judges*.

---

MBC FINANCIAL SERVICES LTD.,

*Plaintiff-Appellant*,

v.                                                            No. 16-3704-cv

BOSTON MERCHANT FINANCIAL, LTD., BOSTON MERCHANT FINANCIAL, LLC, PAVEL "PAUL" BELOGOUR,

*Defendants-Appellees*,

FUNDADMINISTRATION, INC.,

*Defendant*.

---

APPEARING FOR APPELLANT:     NATHAN P. PEREIRA (Marc S. Koplik, *on the brief*), Henderson & Koplik LLP, New York, New York.

1

APPEARING FOR APPELLEES:     JAMES L. TUXBURY (Kelley A. Jordan-Price, *on the brief*), Hinckley, Allen & Snyder LLP, Boston, Massachusetts.

Appeal from a judgment of the United States District Court for the Southern District of New York (Deborah A. Batts, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on October 5, 2016, is AFFIRMED.

Plaintiff MBC Financial Services Ltd. ("MBCFX"), a foreign currency exchange market brokerage company incorporated and licensed in the British Virgin Islands ("BVI"), brought this action against Boston Merchant Financial, Ltd. ("BMFN"), a foreign currency broker incorporated and registered in the BVI; BMFN's President and CEO, Pavel Belogour; and Boston Merchant Financial, LLC, a now-defunct limited liability company organized under the laws of Delaware with its principal place of business in Boston, Massachusetts (collectively, "defendants"). MBCFX asserts claims for violations of the Commodity Exchange Act ("CEA") as to BMFN and Belogour, and claims for common law fraud, breach of fiduciary duty, constructive trust, negligence, conversion, and accounting as to all defendants. MBCFX also seeks a declaratory judgment that the corporate defendants are alter egos of Belogour. MBCFX now appeals the dismissal of its complaint based on the forum selection clause in the Corporate Client Agreement governing the parties' relationship.

*Atlantic Marine Construction Co. v. United States District Court for the Western District of Texas*, 134 S. Ct. 568, 581 (2013), holds that *forum non conveniens* is the proper mechanism for enforcing a forum selection clause at the motion to dismiss stage.

2

This circuit has yet to resolve whether the interpretation and application of a forum selection clause is reviewed for abuse of discretion, as is typical of *forum non conveniens* dismissals, or *de novo*, as is typical of forum selection clause dismissals. *See Martinez v. Bloomberg LP*, 740 F.3d 211, 217 (2d Cir. 2014). We need not resolve that question here because under either standard, we identify no error. In conducting our review, we assume the parties' familiarity with the facts and procedural history of this case, which we reference only as necessary to explain our decision to affirm.

1.    Enforcement of the Forum Selection Clause

"When the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause." *Atlantic Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, 134 S. Ct. at 581. Determining whether to dismiss a claim based on a forum selection clause involves a four-part analysis. At the first three steps, a court asks (1) whether the clause was reasonably communicated to the party resisting enforcement; (2) whether the clause is mandatory, *i.e.*, whether the parties are required to bring any dispute to the designated forum; and (3) whether the claims and parties involved in the suit are subject to the forum selection clause. If the answer to all three questions is yes, the clause is "presumptively enforceable." *Phillips v. Audio Active Ltd.*, 494 F.3d 378, 383 (2d Cir. 2007). At the final step, a court asks (4) whether the resisting party has rebutted that presumption by making "a sufficiently strong showing that 'enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching.'" *Id.* at 383–84 (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972)).

3

The forum selection clause in the Corporate Client Agreement reads as follows:

> Client agrees that any civil action, arbitration or other proceeding between BMFN and its employees or agents and Client arising out of or relating to this Agreement shall be commenced, heard and resolved only by a tribunal located in Switzerland.

App'x 100. Insofar as MBCFX raises various challenges to this clause for the first time on appeal, it is axiomatic that our review is limited to issues first raised in the district court. *See Mhany Mgmt., Inc. v. Cty. of Nassau*, 819 F.3d 581, 615 (2d Cir. 2016) (stating "well-established general rule" that arguments available, but not raised, by parties before district court will not be entertained on appeal unless "necessary to avoid a manifest injustice" (internal quotation marks omitted)). MBCFX offers no explanation for its forfeiture and makes no argument that consideration of these issues is "necessary to avoid a manifest injustice." *Id.* (internal quotation marks omitted). As such, we consider only two contentions, preserved in the district court and relating to steps three and four of the forum selection clause inquiry: (1) the Corporate Client Agreement does not govern any of MBCFX's causes of action; and (2) in any event, enforcement of the forum selection clause is unreasonable because it deprives MBCFX of due process and is against public policy.

MBCFX argues that, under BVI law,[1] its claims are not subject to the forum selection clause.[2] The plain language of the forum selection clause and governing

---

[1] The Corporate Client Agreement choice of law provision stipulates BVI law. Under our precedent, contractual choice of law governs the interpretation of a forum selection clause, *i.e.*, steps two and three of the inquiry, whereas federal law determines its enforceability, *i.e.*, step four of the inquiry. *See Phillips v. Audio Active Ltd.*, 494 F.3d at 384–85. We have not yet decided and do not here decide which body of law applies to

4

precedent are clearly to the contrary. Courts in the BVI rely on *Fiona Trust & Holding Corp. v. Privalov*, [2007] 2 Lloyd's Rep. 267, *see, e.g.*, *Vento v. Martin Kenney & Co.*, Claim No. BVIHCV 2014/0061, which holds, in the context of an arbitration clause, that "[t]he words 'arising out of' should cover every dispute except a dispute as to whether there was ever a contract at all," *Fiona Tr. & Holding Corp. v. Privalov*, [2007] 2 Lloyd's Rep. 267. *Skype Technologies SA v. Joltid Ltd.*, [2009] EWHC (Ch) 2783, confirms that this principle applies with equal force to forum selection clauses. As such, BVI precedent requires us to read the forum selection clause at issue broadly to encompass all claims "arising out of or relating to" the Corporate Client Agreement. App'x 100. Accordingly, because MBCFX's claims all arise out of allegedly unauthorized trades on the account provided to it pursuant to the Corporate Client Agreement "in connection with the purchase and sale of . . . Forex and any similar instruments . . . which may be purchased or sold by or through BMFN for [MBCFX's] account[s]," *id.* at 99, they are all subject to the forum selection clause.

MBCFX's remaining enforceability challenges relate to public policy and the convenience of litigating in Switzerland. The presumption of a forum selection clause's enforcement will be overcome if "(1) its incorporation was the result of fraud or

the first prong of the analysis. *See Starkey v. G Adventures, Inc.*, 796 F.3d 193, 196 n.1 (2d Cir. 2015). We assume, as the district court did, and as the parties do not meaningfully dispute, that federal law applies to the first prong.

[2] MBCFX also argues that its claims are not subject to the forum selection clause because there is a dispute as to whether any contract existed at all, and if a contract existed, it is ambiguous and contradictory, and therefore cannot be enforced. These arguments were not raised before the district court; accordingly, we decline to reach them on appeal. *See Mhany Mgmt., Inc. v. Cty. of Nassau*, 819 F.3d at 615.

overreaching; (2) the law to be applied in the selected forum is fundamentally unfair; (3) enforcement contravenes a strong public policy of the forum in which suit is brought; or (4) trial in the selected forum will be so difficult and inconvenient that the plaintiff effectively will be deprived of his day in court." *Martinez v. Bloomberg LP*, 740 F.3d at 228 (internal quotation marks omitted). These exceptions are "interpreted narrowly." *S.K.I. Beer Corp. v. Baltika Brewery*, 612 F.3d 705, 711 (2d Cir. 2010). MBCFX does not base any challenge on the first two exceptions.

As to the third exception, MBCFX argues that enforcement would contravene the United States' strong public policy of protecting financial markets insofar as defendants operate within the United States. To overcome the presumption of enforcement on this exception, however, MBCFX must demonstrate "that available remedies [under BVI law] are insufficient to deter [BVI] issuers from exploiting American investors through fraud, misrepresentation or inadequate disclosure." *Roby v. Corp. of Lloyd's*, 996 F.2d 1353, 1365 (2d Cir. 1993); *see id.* at 1363 ("[I]t is not enough that the foreign law or procedure merely be different or less favorable than that of the United States."). MBCFX makes no such showing. It merely points to the purpose of the CEA, without either asserting that it would be deprived of comparable remedies if forced to litigate in Switzerland under BVI law or explaining how the purpose of the CEA would be undermined if plaintiff were limited to the remedies available in Switzerland. *See Martinez v. Bloomberg LP*, 740 F.3d at 229 (holding that mere inability to pursue United States statutory cause of action in England did not defeat enforcement of forum selection clause). Accordingly, the public policy exception does not apply in this action.

6

As to the fourth exception, MBCFX contends that litigating in Switzerland would "deny it access to evidence, witnesses and, ultimately, its day in court and the chance for justice to be done." Appellant's Br. 29–30. MBCFX did not adduce any evidence in support of this argument or explain the relevance of the purportedly inaccessible witnesses' testimony to its case. "Unsupported statements such as these do not meet the heavy burden of proof required to set aside a forum-selection clause on the ground of inconvenience." *Effron v. Sun Line Cruises, Inc.*, 67 F.3d 7, 11 (2d Cir. 1995) (internal quotation marks omitted); *see also id*. ("Although appellee would prefer the relative comfort of a court in New York or Florida, she agreed to have her claim adjudicated in Greece. This agreement should not be negated unilaterally by plaintiff's conclusory assertions that she cannot afford to travel to Greece, that she would be afraid to stay at a strange city, that she does not know any Greek lawyers, etc."). As the Supreme Court has explained, "where[, as here,] it can be said with reasonable assurance that at the time they entered the contract, the parties to a freely negotiated private international commercial agreement contemplated the claimed inconvenience, it is difficult to see why any such claim of inconvenience should be heard to render the forum clause unenforceable." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. at 16. Indeed, although plaintiff asserts that enforcement of the forum selection clause "would effectively be a death knell to this action," Appellant's Br. 31, in the absence of any evidence that it would be unable to present its case in Switzerland, plaintiff has not carried its burden under this exception, *see Phillips v. Audio Active Ltd.*, 494 F.3d at 393; *see also S.K.I. Beer Corp. v. Baltika Brewery*, 612 F.3d at 712 (reasoning that "speculation" as to availability of legal

7

remedies and protection of rights in foreign forum was inadequate to defeat forum selection clause presumption of enforceability).

We therefore conclude that the forum selection clause is enforceable and applicable to plaintiff's claims, and we affirm the district court's ruling to that effect.[3]

2.    Conclusion

We have considered MBCFX's remaining arguments and conclude that they are without merit.    Accordingly, the district court's October 5, 2016 judgment is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

---

[3] Because we affirm the dismissal on *forum non conveniens* grounds, we need not reach any of the alternative bases for dismissal discussed by the district court.