16-3067-cv
Donnay USA Ltd. v. Donnay Int'l S.A.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of August, two thousand seventeen.

PRESENT:  PIERRE N. LEVAL,
             REENA RAGGI,
             RAYMOND J. LOHIER, JR.,
                          *Circuit Judges*.

---

DONNAY USA LTD.,

                          *Plaintiff-Appellant*,

      v.                              No. 16-3067-cv

DONNAY INTERNATIONAL S.A., INTERNATIONAL BRAND MANAGEMENT LIMITED, BRANDS HOLDINGS LIMITED,

                          *Defendants-Appellees*.

---

APPEARING FOR APPELLANT:  PAUL W. SIEGERT, Esq., New York, New York (Jerry Choe, Esq., Jericho, New York, *on the brief*).

APPEARING FOR APPELLEES:  ROBERT W. SACOFF, Pattishall, McAuliffe, Newbury, Hilliard & Geraldson LLP, Chicago, Illinois.

1

Appeal from a judgment of the United States District Court for the Eastern District of New York (Joan M. Azrack, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on September 1, 2016, is AFFIRMED.

Plaintiff Donnay USA Limited ("Donnay USA") sued Donnay International S.A., International Brand Management Limited, and Brands Holdings Limited (collectively, "defendants"), for business disparagement, tortious interference with prospective advantage, tortious interference with existing contracts, and tortious destruction of goodwill. It further sought a declaratory judgment that the parties' original trademark licensing agreement (the "Agreement") remains effective and that a subsequent 2012 amendment (the "Amendment") was terminated. Donnay USA now appeals the dismissal of its complaint based on forum selection clauses providing for disputes under the Agreement and the Amendment to be adjudicated in the courts of England and Wales.[1]

As the district court recognized, *Atlantic Marine Construction Co. v. United States District Court for the Western District of Texas*, 134 S. Ct. 568, 581 (2013), clarifies that *forum non conveniens* is the proper mechanism for enforcing a forum selection clause at the motion to dismiss stage. This circuit has yet to decide whether the interpretation and application of a forum selection clause is reviewed for abuse of discretion, as is typical of *forum non conveniens* dismissals, or *de novo*, as is typical of forum selection clause

---

[1] Because the district court held these forum selection clauses valid and enforceable, it declined to reach the merits of defendants' alternative *res judicata* argument. Thus, that issue is not before us.

dismissals.  *See Martinez v. Bloomberg LP*, 740 F.3d 211, 217 (2d Cir. 2014).  We need not resolve that question here because we identify no error under either standard.  In conducting our review, we assume the parties' familiarity with the facts and procedural history of this case, which we reference only as necessary to explain our decision to affirm.

1.    Forum Selection Clauses and *Forum Non Conveniens*

"When the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause." *Atlantic Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, 134 S. Ct. at 581.  Determining whether to dismiss a claim based on a forum selection clause involves a four-part analysis.  At the first three steps, a court asks (1) whether the clause was reasonably communicated to the party resisting enforcement; (2) whether the clause is mandatory, *i.e.*, whether the parties are required to bring any dispute to the designated forum; and (3) whether the claims and parties involved in the suit are subject to the forum selection clause.  If the answer to all three questions is yes, the clause is "presumptively enforceable." *Phillips v. Audio Active Ltd.*, 494 F.3d 378, 383 (2d Cir. 2007).  At the final step, a court asks (4) whether the resisting party has rebutted that presumption by making "a sufficiently strong showing that 'enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching.'" *Id.* at 383–84 (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972)).

The forum selection clause in the Agreement reads as follows:

3

> This Agreement shall be governed by and construed in accordance with the laws of England and Wales and the parties for this purpose hereby submit to the exclusive jurisdiction of the courts of England and Wales.

App'x 87. Similarly, the Amendment provides:

> This deed and any dispute or claim arising out of or in connection with it or its subject matter or formation (including non-contractual disputes or claims) shall be governed by and construed in accordance with the laws of England and Wales and the parties for this purpose hereby submit to the exclusive jurisdiction of the courts of England and Wales.

Supp. App'x 5. The district court determined that these clauses were both reasonably communicated to the parties and mandatory, and there is no dispute that the parties to this action were parties to the agreement and, therefore, governed by it. This satisfies the first three steps of the inquiry, and Donnay USA does not contend otherwise.[2] Rather, its arguments center on step four of the inquiry.

Donnay USA first argues that the district court erred in concluding that defendants' termination of the Agreement and Amendment was proper. The district court did not so conclude. Rather, Donnay USA attempted to invalidate the Amendment below by arguing it was the product of economic duress insofar as defendants threatened otherwise to terminate the Agreement. It was in that context that the district court concluded that "defendants had the right to terminate the license under the original agreement." App'x 15. This conclusion was legally significant because under general

---

[2] Insofar as Donnay USA argues for the first time in its reply brief that its claims are not within the scope of the forum selection clauses, that issue is not properly before us. *See McCarthy v. S.E.C.*, 406 F.3d 179, 186 (2d Cir. 2005) (holding arguments raised "only in . . . [a] reply brief[] are not properly before an appellate court even when the same arguments were raised in the trial court"). Accordingly, we consider any such challenge to the third step of the inquiry forfeited.

contract principles,[3] a party cannot void a contract based on the counter-party's "threat to exercise a legal right . . . ." *See Interpharm, Inc. v. Wells Fargo Bank, Nat'l Ass'n*, 655 F.3d 136, 142–43 (2d Cir. 2011).

In maintaining contract termination was impermissible, Donnay USA cites several purportedly ambiguous Agreement provisions, contending that if the Agreement is construed against the drafters, defendants lack the right to terminate. Like the district court, we conclude that the Agreement's explicit terms permitting termination upon notice to plaintiff defeat this argument. A separate Agreement provision automatically converting the license from exclusive to nonexclusive in the event of a legal dispute warrants no different conclusion. That provision operates automatically; termination requires notice.

To the extent Donnay USA urges more general contract ambiguity, it misunderstands the question before this court. Issues beyond the enforceability of the forum selection clauses—such as whether the Agreement or the Amendment is otherwise ambiguous—are questions for the courts of the agreed-upon forum.

---

[3] As the parties did not brief British law before the district court, any argument based on such law is forfeited on appeal. *See Mhany Mgmt. v. Cty. of Nassau*, 819 F.3d 581, 615 (2d Cir. 2016) (reiterating "well-established general rule that an appellate court will not consider an issue raised for the first time on appeal," and will not exercise discretion to entertain argument if it was "available to the parties below and they proffer no reason for their failure to raise" it (internal quotation marks omitted)). Accordingly, like the district court, we apply federal precedent and general contract law as necessary to interpret the meaning and scope of the forum selection clause. *See, e.g.*, *Phillips v. Audio Active Ltd.*, 494 F.3d at 386 (applying "general contract law principles and federal precedent" to interpret forum selection clause when parties did not construe clause under chosen jurisdiction's law in briefs). Moreover, federal law governs the step four determination. *See id.* at 384.

Plaintiff's remaining challenges as to the forum selection clauses relate to the convenience and justness of their enforcement. The presumption in favor of a forum selection clause's enforcement can be overcome if "(1) its incorporation was the result of fraud or overreaching; (2) the law to be applied in the selected forum is fundamentally unfair; (3) enforcement contravenes a strong public policy of the forum in which suit is brought; or (4) trial in the selected forum will be so difficult and inconvenient that the plaintiff effectively will be deprived of his day in court." *Martinez v. Bloomberg LP*, 740 F.3d at 228 (internal quotation marks omitted). These exceptions are "interpreted narrowly." *S.K.I. Beer Corp. v. Baltika Brewery*, 612 F.3d 705, 711 (2d Cir. 2010).

Donnay USA's arguments focus on the fourth exception and effectively contend that because all of its witnesses and evidence are located in the United States, bringing this action in England imposes an unjust inconvenience that renders enforcement unreasonable. The inconveniences of litigating abroad, however, were reasonably foreseeable when Donnay USA entered into these agreements with a Belgian company and two companies chartered under the laws of England and Wales. *See Phillips v. Audio Active Ltd.*, 494 F.3d at 393 (deeming enforcement of forum selection clause reasonable because "[plaintiff] has not declared any of his claimed hardships are other than the obvious concomitants of litigation abroad or were not foreseeable when he agreed to litigate in England" (citation omitted)). Donnay USA's argument that defendants' conduct and the resultant damage were unforeseeable is misplaced. As the Supreme Court has explained, where—as here—"it can be said with reasonable assurance that at the time they entered the contract, the parties to a freely negotiated private international

6

commercial agreement contemplated the claimed inconvenience, it is difficult to see why any such claim of inconvenience should be heard to render the forum clause unenforceable." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. at 16. The list of United States witnesses Donnay USA now proffers was not before the district court and, therefore, cannot be considered on appeal. *See Keepers, Inc. v. City of Milford*, 807 F.3d 24, 29 n.14 (2d Cir. 2015) (limiting appellate review "to 'the original papers and exhibits filed in the district court'" (quoting Fed. R. App. P. 10(a)(1))). Even if that evidence could be considered, however, it would warrant no different result in view of the clear language of the agreements, which were freely negotiated by sophisticated corporate entities.

Donnay USA's argument that the forum selection clause functionally deprives it of its day in court is similarly unavailing. Specifically, Donnay USA provides no support for its assertions that a British court will not be able to subpoena all necessary witnesses and that it does not have the means to litigate abroad. "Unsupported statements such as these do not meet the heavy burden of proof required to set aside a forum-selection clause on the ground of inconvenience." *Effron v. Sun Line Cruises, Inc.*, 67 F.3d 7, 11 (2d Cir. 1995) (internal quotation marks omitted); *see also id.* ("Although appellee would prefer the relative comfort of a court in New York or Florida, she agreed to have her claim adjudicated in Greece. This agreement should not be negated unilaterally by plaintiff's conclusory assertions that she cannot afford to travel to Greece, that she would be afraid to stay at a strange city, that she does not know any Greek lawyers, etc."). Further, even if litigation in England and Wales would be burdensome for Donnay USA, there is no

7

support for a conclusion that it is impossible. *See Phillips v. Audio Active Ltd.*, 494 F.3d at 393; *see also S.K.I. Beer Corp. v. Baltika Brewery*, 612 F.3d at 712 (reasoning "speculation" as to availability of legal remedies and protection of rights in foreign forum was inadequate to defeat presumption of enforceability of forum selection clauses). Accordingly, plaintiff has not carried its "heavy burden" to rebut the presumption in favor of the forum selection clauses' enforcement, and we affirm the district court's ruling to that effect. *New Moon Shipping Co. v. MAN B & W Diesel AG*, 121 F.3d 24, 32 (2d Cir. 1997).[4]

2.    Judicial Estoppel

Like the district court, we conclude that judicial estoppel is inapplicable here and, thus, cannot bar defendants from seeking enforcement of the forum selection clauses. The prior action was dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).[5] The issue of a forum selection clause was never raised, let alone decided, in that action, which precludes application of judicial estoppel here. *See In re Adelphia*

---

[4] Donnay USA faults the district court for denying its request for an evidentiary hearing to determine the correct interpretation of the forum selection clauses and to establish whether the forum selection clauses would effectively deny Donnay USA its day in court. Where, as here, a plaintiff adduces no evidence that places any material fact in dispute, it is within a district court's discretion to rely on pleadings and affidavits in resolving a motion to dismiss based on a forum selection clause. *See Martinez v. Bloomberg LP*, 740 F.3d at 216–17; *see also TradeComet.com LLC v. Google, Inc.*, 435 F. App'x 31, 33–34 (2d Cir. 2011) (concluding evidentiary hearing unnecessary to determine enforceability of forum selection clause where plaintiff did not submit evidence controverting acceptance of relevant contract).

[5] Plaintiff argues that, because the defendants did not raise their forum selection clause defense along with their successful Rule 12(b)(6) motion in a *previous* litigation, the defendants have forfeited the defense in *this* case. There is no support for such a contention.

*Recovery Tr.*, 634 F.3d 678, 696 (2d Cir. 2011) (holding judicial estoppel applicable if party took contrary position in earlier proceeding that was accepted by court); *Simon v. Safelite Glass Corp.*, 128 F.3d 68, 72 (2d Cir. 1997) ("By adopting a rule that requires acceptance by the earlier tribunal of the litigant's statements, this court limits the doctrine of judicial estoppel to situations where the risk of inconsistent results with its impact on judicial integrity is certain.").

3.    Conclusion

We have considered Donnay USA's remaining arguments and conclude that they are without merit.  Accordingly, the district court's September 1, 2016 judgment is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court